**Scotty LIGGETT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–98–527CR.**

Court of Appeals of Texas, Beaumont.

Submitted Sept. 2, 1999.

Decided Sept. 8, 1999.

time of trial.

John D. Reeves, Lufkin, for appellant.

Clyde M. Herrington, District Attorney, Albert J. Charanza, Jr., Assistant District Attorney, Lufkin, for state.

Before WALKER, C.J., BURGESS and STOVER, JJ.

## OPINION

RONALD L. WALKER, Chief Justice.

Following a jury trial, appellant was found guilty of the felony offense of Indecency With a Child. The trial court assessed his punishment at ten years' confinement in the Texas Department of Criminal Justice - Institutional Division (TDCJ-ID). The trial court suspended imposition of said sentence and placed appellant on community supervision for a period of ten years. The judgment, which included the community supervision order, was signed on May 7, 1998. Thereafter, on August 13, 1998, the State filed an application for revocation of probation with the trial court. The State alleged that appellant violated the terms and conditions of his community supervision order in that he committed the new offense of Disorderly Conduct.

The trial court conducted a revocation hearing and testimony was elicited from several witnesses. The trial court found that appellant did violate the community supervision order as alleged by the State, revoked appellant's community supervision, and ordered appellant to be incarcerated in TDCJ–ID for a term of seven years. Appellant has prosecuted this appeal raising two issues for our consideration:

Issue 1—The trial court abused its discretion in revoking probation.

Issue 2—The trial court erred in not conducting a punishment hearing.

Under issue one, appellant frames his argument for us in the following manner:

Appellant presents issue one which alleges that the trial court abused it's (sic) discretion in revoking the probation of the Appellant and argues the State did not meet it's (sic) burden to show appellant committed the subsequent offense of disorderly conduct. Further, the appellant urges this Honorable Court to apply the Clewis, standard of review to a review on appeal.

■ We commend appellant's counsel for candidly recognizing the great weight of authority against his position that we engage in a *Clewis* [1] review in this appeal from a revocation of community supervision. It has been long observed that community supervision revocation hearings are not criminal trials. *Yates v. State*, 941 S.W.2d 357, 362 (Tex.App.—Waco 1997, pet. ref'd); *Bowen v. State*, 649 S.W.2d 384, 386 (Tex.App.—Fort Worth 1983, pet. ref'd). Such hearings are administrative in nature and do not result in a conviction. *Id.* Rather, the hearing results in "a finding upon which the court may exercise its discretion by revoking or continuing [community supervision]." *Id.* Texas courts have consistently held that a variety of procedural safeguards normally attendant to persons initially accused of a crime do not apply in the same manner to a person charged with a community supervision violation. *See, e.g., Whisenant v. State*, 557 S.W.2d 102, 105 (Tex.Crim.App.1977) (person accused of community supervision violation not entitled to examining trial); *Ex parte Ainsworth*, 532 S.W.2d 640, 640–41 (Tex.Crim.App.1976) (person accused of community supervision violation has no constitutional right to pre-hearing bail); *McDaniel v. State*, 158 Tex.Crim. 301, 254 S.W.2d 785, 785 (1953) (community supervision law does not require that notice of violations be given at least 2 days before hearing as was required for service of indictments at that time). We therefore decline appellant's invitation to apply a new standard for appellate review of community supervision revocation proceedings.

1. *Clewis v. State,* 922 S.W.2d 126 (Tex.Crim. App.1996).

*See also, Johnson v. State*, 943 S.W.2d 83, 85 (Tex.App.—Houston [1st Dist.] 1997, no pet.); *Brumbalow v. State*, 933 S.W.2d 298, 300 (Tex.App.—Waco 1996, pet. ref'd).

In revocation proceedings, the trial court is the sole trier of facts, the judge of the credibility of the witnesses, and the weight to be given the testimony. *Taylor v. State*, 604 S.W.2d 175, 179 (Tex. Crim.App.1980). It is the trial court's duty to determine whether the allegations in the revocation motion are true. *Langford v. State*, 578 S.W.2d 737, 739 (Tex. Crim.App.1979). The State's burden of proof in a revocation proceeding is by a preponderance of the evidence. *Cobb v. State*, 851 S.W.2d 871, 874 (Tex.Crim.App. 1993). Community supervision may be revoked upon a finding that a defendant has violated the terms and conditions of his community supervision order. *Lee v. State*, 952 S.W.2d 894, 897 (Tex.App.— Dallas 1997, no pet.).

An appellate court is limited to reviewing whether the trial court abused its discretion in revoking community supervision. *Id.* The reviewing court must view the evidence presented at the revocation hearing in the light most favorable to the trial court's ruling. *Garrett v. State*, 619 S.W.2d 172, 174 (Tex.Crim.App.1981). Proof of any one alleged violation is sufficient to support an order revoking community supervision. *O'Neal v. State*, 623 S.W.2d 660, 661 (Tex.Crim.App.1981).

In the instant case, the witness, W.A., positively identified appellant as the man who intentionally exposed his penis to her as she was sitting in her vehicle stopped at a red traffic light. A person can commit the offense of disorderly conduct in a variety of ways, including by "expos[ing] his anus or genitals in a public place and is reckless about whether another may be present who will be offended or alarmed by his act." TEX. PEN.CODE ANN. § 42.01(a)(12) (Vernon 1994).[2] W.A.'s testimony provided all of the evidence necessary to sustain the State's burden. The fact that appellant presented what amounted to an alibi witness in the person of his girlfriend was for the trier of fact to give weight to, or not, as he saw fit. From a review of the record before us, we cannot say that the trial court abused its discretion in finding the allegation against appellant true and thereafter revoking his community supervision. Issue one is overruled.

With regard to appellant's second issue, the record does reflect that the trial court failed to conduct a formal punishment hearing or provide appellant the opportunity to request one prior to pronouncing sentence. Assuming, without deciding, that appellant is correct in contending that *Issa v. State*, 826 S.W.2d 159, 161 (Tex.Crim.App.1992), requires the trial court to conduct a "second phase" to determine punishment in a "straight probation" hearing, we find the error was not preserved for appellate review. Although an accused may waive this right by failing to object during the adjudication hearing, in a deferred adjudication proceeding, the error can be preserved for review if raised in a motion for new trial. *Id.* However, in the instant case, appellant neither objected at the close of the revocation hearing nor filed a motion for new trial. As such, appellant has waived review of issue two. The trial court's revocation order is affirmed.

AFFIRMED.

---

**2.** In his brief, appellant infers that the language in the State's revocation motion was inadequate because it did not set out the specific language of sub-part 12 under Section 42.01(a). The record before us, however, provides no objection by appellant at trial nor any motion to quash in order to call the trial court's attention to the alleged pleading defect. Any complaint therefore is waived. TEX. R.APP. P. 33.1(a).