NUMBER 13-01-321-CR

 

                             COURT OF APPEALS

 

                 THIRTEENTH DISTRICT OF TEXAS

 

                              CORPUS CHRISTI

 



 

EARL
WAYNE NEWTON,                                                   Appellant,

 

                                                v.

 

THE STATE OF TEXAS,                                                      Appellee.

 



 

                      On appeal from the 197th District Court

                              of
Cameron County, Texas.

 



 

                                 O P I N I O N

 

                Before Justices Dorsey,
Hinojosa, and Rodriguez

                                Opinion by
Justice Dorsey

 

 

 

 








 

This
is an appeal of a revocation of community supervision in which appellant, Earl
Wayne Newton, was sentenced to ten years confinement.  We affirm.

                                               I. Background

Appellant
pleaded guilty to the offense of delivery of a controlled substance and was
placed on ten years community supervision. 
The amended motion to revoke community supervision alleged, in part,
that appellant (1) failed to report to his probation officer from May, 1999
through December, 2000, and (2) failed to inform his probation officer that he
was arrested in July, 2000.  After a
hearing the trial court found these alleged violations true.  The trial court revoked the community
supervision and sentenced appellant to ten years in prison.

                                                    Analysis








By
his first issue appellant complains that the trial court violated his due
process rights by imposing sentence without first holding a revocation
punishment hearing.  The law applicable
to this issue is found in article 42.12, ' 23(a) of the Texas
Code of Criminal Procedure, which provides in part:  "[i]f
community supervision is revoked after a hearing under Section 21 of this
article, the judge may proceed to dispose of the case as if there had been no
community supervision, . . . .@  Tex. Code Crim. Proc. Ann. art.
42.12, ' 23(a)
(Vernon Supp. 2002).  We hold that
this issue is not preserved for our review and that even if the issue was
preserved, we do not believe that article 42.12, section 23(a) is
mandatory.  

The
record reflects that after the trial court revoked appellant=s community
supervision the court did not conduct a formal punishment hearing before
pronouncing sentence.  Appellant,
however, neither objected at the close of the revocation hearing nor filed a
motion for new trial, complaining of this alleged error.  If a defendant fails to
inform the trial judge of the potential error through a "timely request,
objection, or motion," Tex. R. App. P. 33.1, there is no such
opportunity for correction at the trial level. 
It is for this reason that defendants must object to alleged
errors on the record before those errors may be appealed.  Vidaurri v. State, 49 S.W.3d 880, 886 (Tex. Crim.
App. 2001).  See Dunn v. State,
819 S.W.2d 510, 524‑25 (Tex. Crim. App. 1991)
(discussing the importance of specific objections as required under Rule 52,
predecessor to Rule 33.1); see also Liggett v.
State, 998 S.W.2d 733, 736 (Tex. App.‑‑Beaumont 1999, no pet.)
(holding even if trial court erred in failing to conduct a formal punishment
hearing or provide defendant opportunity to request one prior to pronouncing
sentence following community supervision revocation hearing, any error was not
preserved for appellate review, when defendant neither objected at close of the
revocation hearing nor filed a motion for new trial).  Because appellant failed to object or file a
motion for new trial complaining of this alleged error we hold appellant has
waived review of his complaint.








Further article 42.12,
section 23(a) states that if community supervision is revoked after a hearing
the Ajudge may
proceed to dispose of the case as if there had been no community supervision. .
. .@  Tex. Code Crim. Proc. Ann. art.
42.12, ' 23(a) (Vernon Supp.
2002) (emphasis added).  The statute does
not say that the trial court must or shall hold a punishment hearing.  Moreover we note that the trial court did not
impose a greater sentence than originally assessed.  Weed v. State, 891 S.W.2d 22, 24 (Tex.
App.BFort Worth 1995, no
pet.) (upon revocation of community supervision trial
court may not impose greater punishment than was originally assessed).  We overrule issue one.








By his fourth issue
appellant complains that he failed to report to his probation officer because
he was under duress.  Appellate review of
an order revoking community supervision is limited to whether the trial court
abused its discretion.  Forrest v. State, 805 S.W.2d 462, 464 (Tex. Crim. App. 1991). 
A[A]n order revoking
probation must be supported by a preponderance of the evidence; in other words,
that greater weight of the credible evidence which would create a reasonable
belief that the defendant has violated a condition of his probation.@  Scamardo v. State, 517 S.W.2d 293, 298 (Tex. Crim.
App. 1974).  The State is required
to sustain the burden of proving the allegations of the motion to revoke
probation.  Id.  One ground for revocation, if proven, is
sufficient to revoke a defendant's community supervision.  Moore v. State, 605
S.W.2d 924, 926 (Tex. Crim. App. 1980).  The reviewing court must view the evidence
presented at the revocation hearing in the light most favorable to the court's
decision.  Liggett,
998 S.W.2d at 736 (citing Garrett v. State, 619 S.W.2d 172, 174 (Tex. Crim. App. 1981)).

Melissa Resendez, appellant=s probation officer,
testified that she had supervised appellant since October, 1998 and that he was
supposed to report to her once a week for the first year.  During the first year he stopped reporting on
April 5, 1999.  Her testimony was that
appellant had failed to report from May, 1999, through December, 2000.  She also testified that appellant did not
report to her that he was arrested in July, 2000.  She said that appellant=s failure to report to
her as well as his failure to report the arrest violated the terms and
conditions of his community supervision. 


On cross-examination Resendez testified that in October, 1998, appellant
reported to her that two men took him from his home by force.  After the encounter appellant was thinking of
relocating because he feared for his life and for his family=s safety.  Resendez did not
testify that she had excused appellant from reporting because he was in fear of
his life.

We conclude that the
greater weight of the credible evidence creates a reasonable belief that
appellant had failed to report to his probation officer and that he failed to
tell her about his arrest.  Accordingly
he has violated the terms and conditions of his community supervision as
alleged in the amended motion to revoke. 
We hold that the trial court did not abuse its discretion by revoking
appellant=s community
supervision.

Due to our disposition
of the above issues we need not address appellant=s remaining issues.  Tex.
R. App. P. 47.1.

We AFFIRM the trial
court=s revocation order.

 

__________________________      

J. BONNER DORSEY,

Justice

 

Do not publish.

Tex. R. App. P. 47.3(b).

 

Opinion
delivered and filed

this 13th day of June, 2002.