NO. 07-02-0234-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



JUNE 20, 2003


______________________________



PHILLIP COOPER
,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE 242ND DISTRICT COURT OF HALE COUNTY;



NO. B13279-9901; HON. ED SELF, PRESIDING


_______________________________



Before QUINN and REAVIS, JJ., and BOYD, S.J. (1)

 Pending before the court is a motion for rehearing filed by Phillip Cooper
(appellant). Attached to same is an exhibit titled "Stipulation on Time Credit and Waiver
of Oral Argument" signed by both appellant's counsel and counsel for the State. Through
it, the parties stipulate that "[a]ppellant is entitled to an additional 60 days of [jail]
credit . . . ." Furthermore, we are asked to modify the trial court's judgment to credit
appellant's sentence with that time. 

 Statute directs the trial court to "give the defendant credit on his sentence for the
time that the defendant has spent in jail in said cause . . . from the time of his arrest and
confinement until his sentenc[ing] . . . ." Tex. Code Crim. Proc. Ann. art. 42.03, §2(a)
(Vernon Supp. 2003). Since both the State and appellant stipulate that appellant is
entitled to an additional 60 days credit against his sentence and that credit was not
awarded by the trial court, we grant the motion for rehearing and modify the trial court's
judgment accordingly.

 The judgment of the trial court is modified to reflect that appellant is entitled to 231
days credit against the sentence imposed by the trial court, that sentence being two years
imprisonment in a state jail facility. (2) As modified, the judgment is again affirmed.


 Brian Quinn

 Justice


Do not publish.

 









 
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't
Code Ann. §75.002(a)(1) (Vernon Supp. 2003). 
2. The trial court originally ordered that appellant be credited with 171 days. That period plus 60 days
equals 231 days.



  Alfred William Ward (appellant) appeals from a final judgment revoking his
probation. Through a single issue, he contends that the trial court abused its discretion in
purportedly reinstating, sua sponte, the motion to revoke probation that it had previously
dismissed per the State’s request. Not only did the court exceed its authority in reinstating
the matter, but its doing so effectively denied him due process since he lacked notice of
the allegations in the reinstated motion, he concludes. We affirm.
          Appellant was charged with and pled guilty to burglary of a habitation with intent to
commit assault. Per a plea agreement, he was sentenced to ten years in prison. The
sentence was suspended, and the trial court placed him on probation for seven years. 
Subsequently, the State sought to revoke that probation. It then moved to dismiss its
motion, and the trial court granted that request. Later the same day, however, the trial
court withdrew its dismissal order and reinstated the State’s motion to revoke. At the
revocation hearing, appellant pled true to all of the allegations in the motion. Thereafter,
the trial court revoked appellant’s probation and sentenced him to five years in prison. 
          Appellant now contends that the trial court erred in reinstating the motion to revoke
and withdrawing its prior order dismissing the State’s motion. We note that the State did
not object to the trial court’s decision to reinstate the motion. Nor did the allegations in the
reinstated motion change from those initially averred. More importantly, the appellant
never objected (of record) to the order reinstating the motion, to the prosecution of the
motion once it was reinstated, or to the revocation hearing. Nor did appellant claim
surprise or request a continuance at the hearing; indeed, he even waived reading of the
motion to revoke. 
          In sum, none of the complaints before us have been preserved for review. See
Hardeman v. State, 1 S.W.3d 689, 690 (Tex. Crim. App. 1999); Liggett v. State, 998
S.W.2d 733, 736 (Tex. App.–Beaumont 1999, no pet.). Accordingly, we overrule his sole
issue. 
          The judgment revoking probation is affirmed.
                                                                                      Per Curiam
Do not publish.