NO. 07-07-0162-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 20, 2008
_____

ALFRED WILLIAM WARD,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 31ST DISTRICT COURT OF LIPSCOMB COUNTY;

NO. 1090; HON. STEVEN EMMERT, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Alfred William Ward (appellant) appeals from a final judgment revoking his probation. Through a single issue, he contends that the trial court abused its discretion in purportedly reinstating, *sua sponte*, the motion to revoke probation that it had previously dismissed per the State's request. Not only did the court exceed its authority in reinstating the matter, but its doing so effectively denied him due process since he lacked notice of the allegations in the reinstated motion, he concludes. We affirm.

Appellant was charged with and pled guilty to burglary of a habitation with intent to commit assault. Per a plea agreement, he was sentenced to ten years in prison. The sentence was suspended, and the trial court placed him on probation for seven years. Subsequently, the State sought to revoke that probation. It then moved to dismiss its motion, and the trial court granted that request. Later the same day, however, the trial court withdrew its dismissal order and reinstated the State's motion to revoke. At the revocation hearing, appellant pled true to all of the allegations in the motion. Thereafter, the trial court revoked appellant's probation and sentenced him to five years in prison.

Appellant now contends that the trial court erred in reinstating the motion to revoke and withdrawing its prior order dismissing the State's motion. We note that the State did not object to the trial court's decision to reinstate the motion. Nor did the allegations in the reinstated motion change from those initially averred. More importantly, the appellant never objected (of record) to the order reinstating the motion, to the prosecution of the motion once it was reinstated, or to the revocation hearing. Nor did appellant claim surprise or request a continuance at the hearing; indeed, he even waived reading of the motion to revoke.

In sum, none of the complaints before us have been preserved for review. *See Hardeman v. State*, 1 S.W.3d 689, 690 (Tex. Crim. App. 1999); *Liggett v. State*, 998 S.W.2d 733, 736 (Tex. App.–Beaumont 1999, no pet.). Accordingly, we overrule his sole issue.

The judgment revoking probation is affirmed.

Per Curiam

Do not publish.

2