COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-08-103-CR

 

 

NAOMI GARCIA                                                                  APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM THE 213TH
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

                                          I.  Introduction

In two points, Appellant Naomi Garcia appeals her
sentence of two years= confinement, contesting the
revocation of her community supervision on a Driving While Intoxicated (DWI)
case.  We affirm.








                              II.  Factual and Procedural History

In December 2003, Garcia pleaded guilty to
burglary of a habitation, and the trial court sentenced her to three years=
community supervision.  In January 2005,
Garcia violated the terms and conditions of her community supervision by
failing to report, and the trial court sentenced her to ten years=
confinement and placed her in the alternative incarceration programCthe
Texas Department of Corrections boot camp. 
In April 2005, the trial court suspended Garcia=s
sentence and placed her on five years=
community supervision.  In September
2007, the State filed a motion to revoke Garcia=s
community supervision, alleging that Garcia had violated the terms and
conditions of her community supervision by driving while intoxicated.  At the close of trial, the trial court
granted the State=s motion and sentenced Garcia to
two years= confinement.  This appeal followed.

                                          III.  Discussion

In her first point, Garcia argues that the
evidence was factually insufficient to support the trial court=s order
revoking her community supervision.  In
her second point, Garcia argues that the trial court abused its discretion by
revoking her community supervision on the ground that she committed the offense
of DWI.








A. 
Standard of Review

We review an order revoking community supervision
under an abuse of discretion standard.  Cardona
v. State, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984); Jackson v. State,
645 S.W.2d 303, 305 (Tex. Crim. App. 1983); Cherry v. State, 215 S.W.3d
917, 919 (Tex. App.CFort Worth 2007, pet. ref=d).  In a revocation proceeding, the State must
prove by a preponderance of the evidence that the defendant violated the terms
and conditions of community supervision. 
Cobb v. State, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993); Cherry,
215 S.W.3d at 919.  The trial court is
the sole judge of the credibility of the witnesses and the weight to be given
their testimony, and we review the evidence in the light most favorable to the
trial court=s ruling.  Cardona, 665 S.W.2d at 493; Garrett
v. State, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.] 1981); Cherry,
215 S.W.3d at 919.  If the State fails to
meet its burden of proof, the trial court abuses its discretion in revoking the
community supervision.  Cardona,
665 S.W.2d at 493B94.

B. 
Analysis








In her first point, Garcia acknowledges the
prevailing standard in revocation proceedings is abuse of discretion but
nevertheless asks this court to conduct a factual sufficiency analysis in the
hope that the Texas Court of Criminal Appeals will consider the issue and
reverse the prevailing standard.  Several
courts of appeals, including this court, have held that a factual sufficiency
review is inapplicable to revocation proceedings.  See Allbright v. State, 13 S.W.3d 817,
818 (Tex. App.CFort Worth 2000, pet. ref=d); Antwine
v. State, 268 S.W.3d 634, 637 (Tex. App.CEastland
2008, pet. ref=d); Becker v. State, 33
S.W.3d 64, 66 (Tex. App.CEl Paso 2000, no pet.); Joseph
v. State, 3 S.W.3d 627, 642 (Tex. App.CHouston
[14th Dist.] 1999, no pet.); Liggett v. State, 998 S.W.2d 733, 735B36 (Tex.
App.CBeaumont
1999, no pet.); Johnson v. State, 943 S.W.2d 83, 85 (Tex. App.CHouston
[1st Dist.] 1997, no pet.); Brumbalow v. State, 933 S.W.2d 298, 300
(Tex. App.CWaco 1996, pet. ref=d).  Any other type of review would attenuate the
trial judge=s discretion.  Allbright, 13 S.W.3d at 818.  Therefore, we decline to revisit this issue,
and accordingly we overrule Garcia=s first
point.

In her second point, Garcia argues that the trial
court abused its discretion by revoking her community supervision on the ground
that she committed the offense of DWI. 
Specifically, Garcia argues that the evidence was too weak to support
the trial court=s conclusion that she was
intoxicated.








During the trial, Officer T.C. Dunn of the Fort
Worth Police Department testified to the following.  On August 24, 2007, he observed Garcia=s
vehicle, which was heading northbound, drive through a barricade into
southbound lanes and come within ten feet of several police officers in the
middle of the road.  Upon approaching
Garcia=s
vehicle, he noticed that she had bloodshot eyes and an Aalmost
just lost@ gaze.  He detected the odor of alcohol and observed
Garcia place her hand on her car to steady herself as she exited the
vehicle.  Officers at the scene
administered a field sobriety test and concluded that Garcia was intoxicated.

The trial court also heard two of Garcia=s
friends testify that they had been with Garcia the entire evening and that she
was not intoxicated, nor did she exhibit signs of intoxication.  Furthermore, Garcia testified on her own
behalf that she had not had anything intoxicating to drink, nor did she smell
of alcohol.

Viewed in the light most favorable to the trial
court=s ruling
and deferring to the trial court=s
determination concerning credibility and the weight to be given to testimony,
and recalling that the State=s burden
of proof is by a preponderance of the evidence, we hold that the trial court
did not abuse its discretion by granting the State=s motion
to revoke Garcia=s community supervision.  See Cherry, 215 S.W.3d at 920
(deferring to the trial court=s
determination on conflicting testimony regarding defendant=s identity).  Accordingly, we overrule Garcia=s second
point.








                                          IV.  Conclusion

Having overruled both of Garcia=s
points, we affirm the trial court=s
judgment.

 

PER
CURIAM

 

 

PANEL: MCCOY, J.; CAYCE,
C.J.; and MEIER, J.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED: April 2, 2009 











[1]See Tex. R. App. P. 47.4.