

## COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

**NO. 2-08-103-CR**

NAOMI GARCIA                                                                 APPELLANT

V.

THE STATE OF TEXAS                                                              STATE

------------

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### I. Introduction

In two points, Appellant Naomi Garcia appeals her sentence of two years'
confinement, contesting the revocation of her community supervision on a
Driving While Intoxicated (DWI) case. We affirm.

------------

[1] *See* Tex. R. App. P. 47.4.

## II. Factual and Procedural History

In December 2003, Garcia pleaded guilty to burglary of a habitation, and the trial court sentenced her to three years' community supervision. In January 2005, Garcia violated the terms and conditions of her community supervision by failing to report, and the trial court sentenced her to ten years' confinement and placed her in the alternative incarceration program — the Texas Department of Corrections boot camp. In April 2005, the trial court suspended Garcia's sentence and placed her on five years' community supervision. In September 2007, the State filed a motion to revoke Garcia's community supervision, alleging that Garcia had violated the terms and conditions of her community supervision by driving while intoxicated. At the close of trial, the trial court granted the State's motion and sentenced Garcia to two years' confinement. This appeal followed.

## III. Discussion

In her first point, Garcia argues that the evidence was factually insufficient to support the trial court's order revoking her community supervision. In her second point, Garcia argues that the trial court abused its discretion by revoking her community supervision on the ground that she committed the offense of DWI.

**A. Standard of Review**

We review an order revoking community supervision under an abuse of discretion standard. *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984); *Jackson v. State*, 645 S.W.2d 303, 305 (Tex. Crim. App. 1983); *Cherry v. State*, 215 S.W.3d 917, 919 (Tex. App.—Fort Worth 2007, pet. ref'd). In a revocation proceeding, the State must prove by a preponderance of the evidence that the defendant violated the terms and conditions of community supervision. *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993); *Cherry*, 215 S.W.3d at 919. The trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony, and we review the evidence in the light most favorable to the trial court's ruling. *Cardona*, 665 S.W.2d at 493; *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.] 1981); *Cherry*, 215 S.W.3d at 919. If the State fails to meet its burden of proof, the trial court abuses its discretion in revoking the community supervision. *Cardona*, 665 S.W.2d at 493–94.

**B. Analysis**

In her first point, Garcia acknowledges the prevailing standard in revocation proceedings is abuse of discretion but nevertheless asks this court to conduct a factual sufficiency analysis in the hope that the Texas Court of Criminal Appeals will consider the issue and reverse the prevailing standard.

3

Several courts of appeals, including this court, have held that a factual sufficiency review is inapplicable to revocation proceedings. *See Allbright v. State*, 13 S.W.3d 817, 818 (Tex. App.—Fort Worth 2000, pet. ref'd); *Antwine v. State*, 268 S.W.3d 634, 637 (Tex. App.—Eastland 2008, pet. ref'd); *Becker v. State*, 33 S.W.3d 64, 66 (Tex. App.—El Paso 2000, no pet.); *Joseph v. State*, 3 S.W.3d 627, 642 (Tex. App.—Houston [14th Dist.] 1999, no pet.); *Liggett v. State*, 998 S.W.2d 733, 735–36 (Tex. App.—Beaumont 1999, no pet.); *Johnson v. State*, 943 S.W.2d 83, 85 (Tex. App.—Houston [1st Dist.] 1997, no pet.); *Brumbalow v. State*, 933 S.W.2d 298, 300 (Tex. App.—Waco 1996, pet. ref'd). Any other type of review would attenuate the trial judge's discretion. *Allbright*, 13 S.W.3d at 818. Therefore, we decline to revisit this issue, and accordingly we overrule Garcia's first point.

In her second point, Garcia argues that the trial court abused its discretion by revoking her community supervision on the ground that she committed the offense of DWI. Specifically, Garcia argues that the evidence was too weak to support the trial court's conclusion that she was intoxicated.

During the trial, Officer T.C. Dunn of the Fort Worth Police Department testified to the following. On August 24, 2007, he observed Garcia's vehicle, which was heading northbound, drive through a barricade into southbound lanes and come within ten feet of several police officers in the middle of the

4

road. Upon approaching Garcia's vehicle, he noticed that she had bloodshot eyes and an "almost just lost" gaze. He detected the odor of alcohol and observed Garcia place her hand on her car to steady herself as she exited the vehicle. Officers at the scene administered a field sobriety test and concluded that Garcia was intoxicated.

The trial court also heard two of Garcia's friends testify that they had been with Garcia the entire evening and that she was not intoxicated, nor did she exhibit signs of intoxication. Furthermore, Garcia testified on her own behalf that she had not had anything intoxicating to drink, nor did she smell of alcohol.

Viewed in the light most favorable to the trial court's ruling and deferring to the trial court's determination concerning credibility and the weight to be given to testimony, and recalling that the State's burden of proof is by a preponderance of the evidence, we hold that the trial court did not abuse its discretion by granting the State's motion to revoke Garcia's community supervision. *See Cherry*, 215 S.W.3d at 920 (deferring to the trial court's determination on conflicting testimony regarding defendant's identity). Accordingly, we overrule Garcia's second point.

5

## IV. Conclusion

Having overruled both of Garcia's points, we affirm the trial court's judgment.

PER CURIAM

PANEL: MCCOY, J.; CAYCE, C.J.; and MEIER, J.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: April 2, 2009