COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                       NO.
 2-09-330-CR

 

 

DERICK EUGENE SLOAN                                                       APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

              FROM
THE 90TH DISTRICT COURT OF YOUNG COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

                                                  I.  Introduction








Appellant Derick Eugene Sloan appeals the trial court=s order
adjudicating him guilty after finding that he had violated conditions of his
deferred adjudication community supervision. 
In one issue, Sloan argues that the trial court abused its discretion by
adjudicating him guilty because the evidence that he violated his community
supervision was legally and factually insufficient.  We affirm.

                               II.  Factual and Procedural Background

Sloan pleaded guilty to aggravated assault with a
weapon and received five years= deferred adjudication community supervision and a
$750 fine.  The State moved to
adjudicate, arguing that Sloan had violated five conditions of his community
supervision by (1) committing two offensesCfleeing from a
peace officer and refusing to give the officer his identifying information; (2)
failing to report in person to the supervision officer for two consecutive
months; (3) failing to pay appropriate court costs for a total of fifteen
months; (4) failing to submit monthly payments on his $750 fine for a total of
twelve months; and (5) failing to pay his monthly community supervision fee for
a total of fifteen months.   








At the hearing on the State=s motion to
adjudicate, Sloan pleaded not true to all of the allegations in the State=s motion.  Regarding the first violation of community
supervision alleged by the StateCthat Sloan fled an officer and refused to identify
himselfCOfficer Noah Bragg, Constable for Palo Pinto County,
testified that on November 6, 2008, Sloan intentionally refused to give the
officer identification while he was trying to lawfully arrest Sloan.  Specifically, Sloan passed the officer going
sixty miles per hour in a forty-five mile-per-hour zone on a red Aninja-style@ motorcycle;
Officer Bragg immediately activated his overhead lights and proceeded to go
after Sloan.  However, Officer Bragg
could not catch Sloan, who continued to gain speed, and the officer believed at
that point that Sloan was fleeing from him. 


Officer Bragg eventually saw the motorcycle parked
outside of a gas station, pulled in behind the motorcycle to investigate, and
then noticed  Sloan exiting the station=s convenience
store.  He approached Sloan, identified
himself as the officer whom Sloan had passed earlier, and asked Sloan to remove
his helmet and produce identification. 
Sloan refused, put gas in the motorcycle, and then started the
engine.  Officer Bragg ran over to the
motorcycle, grabbed the keys, and asked Sloan to step back from the motorcycle
and produce identification.  Sloan
refused again, demanded that Officer Bragg return his keys, and slammed Officer
Bragg=s truck door shut, preventing Officer Bragg from
accessing his radio.  Officer Bragg told
Sloan that he was under arrest, and Sloan ran. 
Graham Police Officer Casey Scobee eventually caught Sloan, and with the
assistance of another officer, handcuffed Sloan and placed him in the back of
his patrol unit.  








Cindy Collins also testified for the State regarding
the offense and explained that she had observed Sloan, her ex-husband, pass
Officer Bragg and had later seen Sloan in the back of a police car.  However, Sloan testified that it was not him
who had sped past Officer Bragg that day and that Officer Bragg had never asked
him for his name, but had only asked for his driver=s license, which
he could not find.  Sloan also testified
that Officer Bragg never asked him to remove his helmet, that Sloan never
slammed the door shut on Officer Bragg=s truck, and that his hands were in front of him the
whole time.  When asked his reason for
running, Sloan testified that Officer Bragg did not have his lights on, that he
did not know why Officer Bragg was there, and that he had a rough past with the
police.  

Regarding the second violation, failure to report in
person, Steve Richie, Sloan=s community supervision officer, testified that Sloan
did not report in person in September or October 2008.  Richie filed a violation report with the
district attorney=s office.  Sloan
testified that he tried to contact Richie to reschedule an appointment but that
Richie was on vacation and would never return his calls.  Sloan testified that he called over thirty
times.  Richie could not recall whether
he went on vacation in September 2008, but if he had, he was unsure whether a
call from Sloan would have been reported. 
However, he testified that, if Sloan talked with another officer, the
officer probably would have recorded the call. 









Richie also testified as to violations two through
five, regarding Sloan=s failure to submit monthly court-ordered payments for
court costs, his fine, and the community supervision fee.  According to Richie=s testimony, Sloan
failed to make his court-ordered payments for court costs and a community
supervision fee for May 2007, August through December 2007, January through
April 2008, and June through October 2008. 
Richie also testified that Sloan failed to make his monthly payments
toward the court-ordered fine for October through December 2007, January
through April 2008, and June through October 2008.  Additionally, Richie stated, A[W]e hardly ever
just violate on the money unless they just flat refuse to pay.@  Richie acknowledged that Sloan was having
difficulty making payments because of his divorce expenses.  

After hearing all of the testimony, the trial court
found the State=s allegations to be true.  The trial court adjudicated Sloan guilty of
aggravated assault with a deadly weapon and sentenced him to fourteen years= confinement and a
$1,500 fine.  Sloan filed a notice of
appeal; he also filed a motion for new trial, which was overruled by operation
of law.   

                         III.  Adjudication of Guilt Supported by Record

In his issue, Sloan argues the trial court abused its
discretion by adjudicating him guilty because the evidence was legally and
factually insufficient to show that he violated his community supervision.  

 








A.  Standard of Review

We review an order
revoking community supervision under an abuse of discretion standard. Rickels
v. State, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); Cardona v.
State, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984); Cherry v. State,
215 S.W.3d 917, 919 (Tex. App.CFort Worth 2007,
pet. ref=d).  In a revocation proceeding, the State must
prove by a preponderance of the evidence that the defendant violated the terms
and conditions of community supervision. Cobb v. State, 851 S.W.2d 871,
873 (Tex. Crim. App. 1993); Cherry, 215 S.W.3d at 919.  The trial court is the sole judge of the
credibility of the witnesses and the weight to be given their testimony, and we
review the evidence in the light most favorable to the trial court=s ruling.  Cardona, 665 S.W.2d at 493; Garrett
v. State, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.] 1981); Cherry,
215 S.W.3d at 919.  If the State fails to
meet its burden of proof, the trial court abuses its discretion in revoking the
community supervision.  Cardona,
665 S.W.2d at 493B94. 









Proof by a
preponderance of the evidence of any one of the alleged violations of
the conditions of community supervision is sufficient to support a revocation
order.  Moore v. State, 605 S.W.2d
924, 926 (Tex. Crim. App. [Panel Op.] 1980); Sanchez v. State, 603
S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980); Leach v. State, 170
S.W.3d 669, 672 (Tex. App.CFort Worth 2005,
pet. ref=d.).

A factual
sufficiency review is inapplicable to revocation proceedings. See Becker
v. State, 33 S.W.3d 64, 65B66 (Tex. App.CEl Paso 2000, no
pet.); Joseph v. State, 3 S.W.3d 627, 642 (Tex. App.CHouston [14th
Dist.] 1999, no pet.); Liggett v. State, 998 S.W.2d 733, 735B36 (Tex. App.CBeaumont 1999, no
pet.).

Inability to pay
is an affirmative defense that the defendant must raise and prove by a
preponderance of the evidence.  Tex. Code
Crim. Proc. Ann. art. 42.12, ' 21(c) (Vernon
Supp. 2009); Stanfield v. State, 718 S.W.2d 734, 737B38 (Tex. Crim.
App. 1986).  If the defendant raises the
issue and meets his burden, the burden shifts to the State to prove that he
intentionally failed to pay.  Stanfield,
718 S.W.2d at 738.

B. 
Analysis

We determine that
a preponderance of the evidence does not support Sloan=s inability to
make the missed payments but does support the alleged violations of conditions
(3), (4), and (5) of his community supervision regarding payment of costs and
fees.  See Cardona, 665 S.W.2d at
493; Moore, 605 S.W.2d at 926. 
Sufficient evidence supports the trial court=s judgment.








                                                   IV.
Conclusion

We affirm the
trial court=s judgment.

 

CHARLES BLEIL

JUSTICE

 

PANEL: MCCOY and MEIER, JJ.; and CHARLES BLEIL (Senior Justice,
Retired, Sitting by Assignment).

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  August 31, 2010











[1]See Tex. R. App. P. 47.4.