COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
| | § | |
| KEISHA YVETTE HUNT, | | No. 08-10-00117-CR |
| | § | |
| Appellant, | | Appeal from |
| | § | |
| v. | | 415th District Court |
| | § | |
| THE STATE OF TEXAS, | | of Parker County, Texas |
| | § | |
| Appellee. | § | (TC # CR07-0506) |

## O P I N I O N

Appellant, Keisha Yvette Hunt, appeals from a judgment revoking community supervision. We affirm.

### FACTUAL SUMMARY

In 2007, a grand jury returned a three count indictment against Appellant alleging she drove while intoxicated while the vehicle was occupied by a passenger under fifteen years of age (Count I), and she committed criminal negligence (Counts II and III). In 2008, Appellant entered a negotiated plea of guilty to Count III and the State waived Counts I and II. The trial court found Appellant guilty and assessed her punishment at a fine of $2,000 and confinement for twenty-four months in the state jail, but the court suspended her sentence and placed her on community supervision for five years. In 2009, the State filed a motion to revoke community supervision alleging eight violations of the terms and conditions of community supervision. Following a contested hearing, the trial court found each of the violations true, revoked Appellant's community supervision, and imposed the original sentence of confinement for twenty-four months in the state jail.

**REVOCATION OF COMMUNITY SUPERVISION**

In her sole issue, Appellant contends that the trial court abused its discretion by revoking community supervision because the evidence is legally and factually insufficient to prove the conditions Appellant is alleged to have violated. Appellant relies on *Clewis v. State*, 922 S.W.2d 126 (Tex.Crim.App. 1996) in support of her assertion that the factual sufficiency standard should be applied.[1] Additionally, Appellant argues that the evidence is legally and factually insufficient to prove that any of the alleged violations occurred while she was on community supervision because the State failed to prove "the length of her probation."

*The Standard of Review*

We review the trial court's decision to revoke community supervision for an abuse of discretion. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex.Crim.App. 2006). The trial court does not abuse its discretion if the order revoking community supervision is supported by a preponderance of the evidence; in other words, the greater weight of the credible evidence would create a reasonable belief that the defendant has violated a condition of his probation. *Rickels*, 202 S.W.3d at 763-64. In conducting our review, we view the evidence in the light most favorable to the trial court's ruling. *Cardona v. State*, 665 S.W.2d 492, 493 (Tex.Crim.App. 1984). We also defer to the trial court's resolution of disputed facts and to any reasonable inferences which can be drawn from those facts. *Cantu v. State*, 253 S.W.3d 273, 282 (Tex.Crim.App. 2008). If a single ground for revocation is supported by a preponderance of the evidence and is otherwise valid, then an abuse of discretion is not shown. *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex.Crim.App. 1980); *Gordon v. State*, 4 S.W.3d 32, 35 (Tex.App.--El Paso 1999, no pet.).

---

[1] Appellant filed her brief shortly after the Court of Criminal Appeals overruled *Clewis* in *Brooks v. State*, 323 S.W.3d 893, 895 (Tex.Crim.App. 2010).

This Court, like the Fort Worth Court of Appeals and other intermediate appellate courts, has held that a factual sufficiency review is inapplicable to revocation proceedings. *Becker v. State*, 33 S.W.3d 64, 65-66 (Tex.App.--El Paso 2000, no pet.); *see Miles v. State*, 343 S.W.3d 908, 913 (Tex.App.--Fort Worth 2011, no pet.); *Cherry v. State*, 215 S.W.3d 917, 919 (Tex.App.--Fort Worth 2007, pet. ref'd); *Joseph v. State*, 3 S.W.3d 627, 642 (Tex.App.--Houston [14th Dist.] 1999, no pet.); *Liggett v. State*, 998 S.W.2d 733, 735-36 (Tex.App.--Beaumont 1999, no pet.); *Johnson v. State*, 943 S.W.2d 83, 85 (Tex.App.--Houston [1st Dist.] 1997, no pet.); *Brumbalow v. State*, 933 S.W.2d 298, 299-300 (Tex.App.--Waco 1996, pet. ref'd). We decline Appellant's request to revisit the issue.

*Proof of Community Supervision Order*

Appellant first argues that the State failed to offer proof of the terms and conditions of community supervision. While the trial court's judgment and order placing a defendant on community supervision must appear in the appellate record, the State is not required to formally introduce the documents into evidence at the hearing on the motion to revoke and the trial court is not required to take judicial notice of these documents. *Cobb v. State*, 851 S.W.2d 871, 873-75 (Tex.Crim.App. 1993). The clerk's record contains the trial court's judgment placing Appellant on community supervision and the order setting forth the terms and conditions of community supervision. Appellant's first argument is without merit.

In a related argument, Appellant asserts that since the State failed to introduce into evidence the judgment and order establishing the terms and conditions of community supervision, the State failed to prove that any of the acts Appellant committed occurred while she was on community supervision. The judgment and community supervision order in the clerk's record establish that Appellant was placed on community supervision on March 24, 2008 for a

term of five years. The State proved that the violations occurred in 2008 and 2009 as alleged in its motion to revoke. All of the violations occurred within the period of time Appellant was on community supervision.

Appellant does not allege that the State failed to prove any of the violations by a preponderance of the evidence so it is unnecessary to review the evidence in that regard. Having rejected the arguments made on appeal, we conclude that the trial court did not abuse its discretion by revoking community supervision. We overrule the sole issue and affirm the trial court's judgment.

February 1, 2012

_____
ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rivera, and Antcliff, JJ.

(Do Not Publish)