COURT OF
APPEALS

                                                   EIGHTH DISTRICT OF
TEXAS

                                                              EL
PASO, TEXAS

 


 
 
  
  
 KEISHA YVETTE HUNT,
  
                                    
 Appellant,
  
 v.
  
 THE STATE OF TEXAS,
  
                                     Appellee.
 
  
 
 
  
 '
    
 '
    
 '
    
 '
    
 '
  
 '
 
 
  
  
                   No. 08-10-00117-CR
  
                          Appeal from
  
 415th District
 Court
  
 of Parker County,
 Texas
  
 (TC # CR07-0506)
 
 
 
 
  
  
 
 
  
  
 
 
  
  
 
 


                                                                  O
P I N I O N

 

Appellant,
Keisha Yvette Hunt, appeals from a judgment revoking community supervision.  We affirm. 


FACTUAL SUMMARY

            In 2007, a grand jury returned a
three count indictment against Appellant alleging she drove while intoxicated
while the vehicle was occupied by a passenger under fifteen years of age (Count
I), and she committed criminal negligence (Counts II and III).  In 2008, Appellant entered a negotiated plea
of guilty to Count III and the State waived Counts I and II.  The trial court found Appellant guilty and
assessed her punishment at a fine of $2,000 and confinement for twenty-four
months in the state jail, but the court suspended her sentence and placed her
on community supervision for five years. 
In 2009, the State filed a motion to revoke community supervision
alleging eight violations of the terms and conditions of community
supervision.  Following a contested
hearing, the trial court found each of the violations true, revoked Appellant’s
community supervision, and imposed the original sentence of confinement for
twenty-four months in the state jail.  

REVOCATION OF COMMUNITY SUPERVISION

In
her sole issue, Appellant contends that the trial court abused its discretion
by revoking community supervision because the evidence is legally and factually
insufficient to prove the conditions Appellant is alleged to have
violated.  Appellant relies on Clewis v. State, 922 S.W.2d 126
(Tex.Crim.App. 1996) in support of her assertion that the factual sufficiency
standard should be applied.[1]
 Additionally, Appellant argues that the
evidence is legally and factually insufficient to prove that any of the alleged
violations occurred while she was on community supervision because the State
failed to prove “the length of her probation.” 
 

The Standard of Review

 We review the trial court’s decision to revoke
community supervision for an abuse of discretion.  Rickels
v. State, 202 S.W.3d 759, 763 (Tex.Crim.App. 2006).  The trial court does not abuse its discretion
if the order revoking community supervision is supported by a preponderance of
the evidence; in other words, the greater weight of the credible evidence would
create a reasonable belief that the defendant has violated a condition of his
probation.  Rickels, 202 S.W.3d at 763-64.  In conducting our review, we view the evidence
in the light most favorable to the trial court’s ruling.  Cardona
v. State, 665 S.W.2d 492, 493 (Tex.Crim.App. 1984).  We also defer to the trial court’s resolution
of disputed facts and to any reasonable inferences which can be drawn from
those facts.  Cantu v. State, 253 S.W.3d 273, 282 (Tex.Crim.App. 2008).  If a single ground for revocation is supported
by a preponderance of the evidence and is otherwise valid, then an abuse of
discretion is not shown.  Sanchez v. State, 603 S.W.2d 869, 871
(Tex.Crim.App. 1980); Gordon v. State,
4 S.W.3d 32, 35 (Tex.App.--El Paso 1999, no pet.).   

This
Court, like the Fort Worth Court of Appeals and other intermediate appellate
courts, has held that a factual sufficiency review is inapplicable to
revocation proceedings.  Becker v. State, 33 S.W.3d 64, 65-66
(Tex.App.--El Paso 2000, no pet.); see
Miles v. State, 343 S.W.3d 908, 913 (Tex.App.--Fort Worth 2011, no pet.); Cherry v. State, 215 S.W.3d 917, 919
(Tex.App.--Fort Worth 2007, pet. ref’d); Joseph
v. State, 3 S.W.3d 627, 642 (Tex.App.--Houston [14th Dist.] 1999, no pet.);
Liggett v. State, 998 S.W.2d 733, 735-36
(Tex.App.--Beaumont 1999, no pet.); Johnson
v. State, 943 S.W.2d 83, 85 (Tex.App.--Houston [1st Dist.] 1997, no pet.); Brumbalow v. State, 933 S.W.2d 298, 299-300
(Tex.App.--Waco 1996, pet. ref’d).  We
decline Appellant’s request to revisit the issue. 

Proof of Community Supervision Order

            Appellant first argues that the
State failed to offer proof of the terms and conditions of community
supervision.  While the trial court’s
judgment and order placing a defendant on community supervision must appear in
the appellate record, the State is not required to formally introduce the
documents into evidence at the hearing on the motion to revoke and the trial court
is not required to take judicial notice of these documents.  Cobb v.
State, 851 S.W.2d 871, 873-75 (Tex.Crim.App. 1993).  The clerk’s record contains the trial court’s
judgment placing Appellant on community supervision and the order setting forth
the terms and conditions of community supervision.  Appellant’s first argument is without merit.

            In a related argument, Appellant
asserts that since the State failed to introduce into evidence the judgment and
order establishing the terms and conditions of community supervision, the State
failed to prove that any of the acts Appellant committed occurred while she was
on community supervision.  The judgment
and community supervision order in the clerk’s record establish that Appellant
was placed on community supervision on March 24, 2008 for a term of five
years.  The State proved that the
violations occurred in 2008 and 2009 as alleged in its motion to revoke.  All of the violations occurred within the
period of time Appellant was on community supervision.

            Appellant does not allege that the
State failed to prove any of the violations by a preponderance of the evidence
so it is unnecessary to review the evidence in that regard.  Having rejected the arguments made on appeal,
we conclude that the trial court did not abuse its discretion by revoking
community supervision.  We overrule the
sole issue and affirm the trial court’s judgment.

 

February 1, 2012                                 ________________________________________________

ANN CRAWFORD
McCLURE, Chief Justice

 

Before McClure, C.J., Rivera, and Antcliff, JJ.

 

(Do Not Publish) 

 











[1]  Appellant filed her brief shortly after the
Court of Criminal Appeals overruled Clewis
in Brooks v. State, 323 S.W.3d 893,
895 (Tex.Crim.App. 2010).