

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00474-CR
No. 04-24-00475-CR

Andrew Michael **ALVARADO**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 379th Judicial District Court, Bexar County, Texas
Trial Court Nos. 2019CR2384 & 2019CR2385
Honorable Ron Rangel, Judge Presiding

Opinion by:     Velia J. Meza, Justice

Sitting:          Irene Rios, Justice
                  H. Todd McCray, Justice
                  Velia J. Meza, Justice

Delivered and Filed: September 17, 2025

AFFIRMED

This is a consolidated appeal from two trial court orders revoking the probation of Andrew Michael Alvarado. In three points of error, Alvarado contends the trial court abused its discretion by finding the alleged probation violations true and arguing that the evidence was legally insufficient to support the findings. He further asserts that his due process rights under the Fifth and Fourteenth Amendments of the United States Constitution were violated because he was not

adequately informed of the requirement to report to the probation department. We affirm the trial court's judgments.

## BACKGROUND

1. Cause Number 2019-CR-2385

The earliest offense relevant to this appeal is alleged to have occurred on July 22, 2018. On such date, a Bexar County Sheriff's deputy initiated a traffic stop due to Alvarado's vehicle missing its rear license plate. Upon running Alvarado's information, the deputy discovered that Alvarado had three active warrants for his arrest. After arresting Alvarado, the deputy searched Alvarado's vehicle and located a baggie containing 3.622 grams of a substance later identified as methamphetamine. On March 7, 2019—approximately nine months after his initial arrest— Alvarado was indicted by a grand jury for the third-degree felony of possession of a substance in penalty group 1, one gram or more but less than four grams.

2. Cause Number 2019-CR-2384

While out on bond pending his first case, Alvarado was subsequently arrested on October 15, 2018. In this case, a San Antonio Police Department ("SAPD") officer on patrol observed Alvarado driving his vehicle without a rear license plate. After initiating the traffic stop, Alvarado informed the officer that he did not possess a driver's license and that the rear plate was displayed on his back window, though it was obscured by the vehicle's window tint.

Due to Alvarado's demeanor, the officer directed him to exit the vehicle and conducted a frisk for weapons. During this frisk, the officer discovered drug paraphernalia on Alvarado's person. Alvarado was arrested, and his vehicle was searched. Within Alvarado's vehicle, the officer discovered two firearms, prescription pills not prescribed to Alvarado, and three identification cards belonging to other individuals. On March 7, 2019, Alvarado was indicted by a

grand jury for fraudulent use or possession of identifying information concerning fewer than five items, a state jail felony.

    3.   <u>Pleas of No Contest and the Commencement of Community Supervision</u>

On April 10, 2019, Alvarado entered pleas of no contest in both cases.

In cause number 2019-CR-2385, the court granted deferred adjudication and placed on community supervision for seven years and assessed a $2,000 fine and restitution to the Bexar County Sheriff's Office in the amount of $57.00.[1] In his other case, cause number 2019-CR-2384, Alvarado was also granted deferred adjudication and placed on community supervision for a term of two years.[2]

    4.   <u>The State's Initial Motion to Adjudicate</u>

On January 15, 2020, the State filed its first set of Motions to Enter Adjudication of Guilt, alleging multiple violations of the terms and conditions of Alvarado's community supervision. Alvarado entered a plea of true to violating condition five of his community supervision, that is, he failed to report with the probation department. However, the court denied the State's Motion to Enter Adjudication of Guilt in both cases. Instead, it amended the conditions of supervision to include the Substance Abuse Treatment Facility (SATF) to be held in abeyance. Additionally, the court ordered the following: enrollment in intensive outpatient substance abuse treatment; attendance at weekly Narcotics Anonymous (NA) meetings; imposition of a zero-tolerance policy; and compliance with a 90-day drug patch monitoring program. Alvarado signed the Order Amending the conditions of his probation on July 27, 2020.

---

[1] The plea bargain called for the community supervision sentence to run concurrently with cause number 2019-CR-2384.

[2] While the record does not contain the transcript of the original plea and sentencing hearing, the District Clerk's record reflects that the parties agreed to run both cases concurrently with one another. The parties also agreed that Alvarado would undergo a substance abuse evaluation, (TAIP) and perform 120 hours of community service.

Over the next four years, the State alleged that Alvarado violated the terms and conditions of his community supervision on several other occasions. Although the State filed subsequent motions to enter adjudication of guilt, the resolution of such motions was delayed for several reasons, including Alvarado's fugitive status when he absconded from his community supervision and an extended period required to determine his competency to stand trial on the State's motions.

5. The Contested Hearing On the Second Motions to Adjudicate

On June 10, 2025, the trial court heard the State's motions to adjudicate. The State proceeded on multiple allegations of community service violations against Alvarado. These violations included repeated failures to report to his supervision officer spanning during 2020, 2021, and 2023, in violation of condition 5; failure to submit to drug testing on November 18, 2020, and January 5, 2021, in violation of condition 2; failure to report a change of address within 48 hours on January 4, 2021, in violation of condition 9A; failure to report following release from jail on February 24, 2021, in violation of condition 9B; failure to obtain and verify lawful employment, in violation of condition 4; and failure to obtain a drug patch as ordered on November 17, 2020, in violation of condition 21. The State also alleged that Alvarado committed subsequent offenses on October 23, 2023, including tampering with evidence, evading arrest with a vehicle, and unlawful carrying of a weapon, all in violation of condition 1. Alvarado entered a plea of "not true" to each alleged violation.

The record reflects that during the revocation hearing, Alvarado engaged in multiple disruptive behaviors, including speaking over counsel, interfering with the prosecutor's presentation, and attempting to leave the courtroom to retrieve documents. Despite these interruptions, the trial court proceeded with the hearing and made specific findings regarding Alvarado's violations of community supervision. The trial court found that in cause number 2019-

CR-2384, Alvarado violated conditions 2, 4, 5, 9A, and 9B of the terms and conditions of his community supervision, which included failing to submit to drug testing on January 5, 2021. As for cause number 2019-CR-2385, the trial court found that Alvarado committed two violations of condition 1—including evading arrest with a vehicle—and three violations of condition 5.

**ANALYSIS**

Alvarado complains that the trial court abused its discretion by revoking his community supervision based on legally insufficient evidence. In this case, the State alleged fourteen separate violations of the appellant's conditions of community supervision.

1. Sufficiency of the Evidence

A trial court may revoke community supervision upon finding that the defendant violated a single condition of probation, so long as the violation is proven by a preponderance of the evidence. *See Moore v. State*, 605 S.W.2d 924 (Tex. Crim. App. 1980); *Lee v. State*, 952 S.W.2d 894 (Tex. App.—Dallas 1997, no pet.)

When evaluating a legal sufficiency challenge, we view the evidence in the light most favorable to the factfinder to determine whether it could make the findings that were returned. *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010) (plurality op.). Preponderance of the evidence is the evidentiary standard in a motion to revoke hearing. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). "Preponderance of the evidence means 'that greater weight of the credible evidence which would create a reasonable belief that the defendant has violated a condition' of his [or her] community supervision." *Carreon v. State*, 548 S.W.3d 71, 77 (Tex. App.—Corpus Christi 2018, no pet.) (quoting *Rickels*, 202 S.W.3d at 763–64). "When the State has failed to meet its burden of proof, the trial [court] abuses [its] discretion in issuing an order to revoke [community supervision]." *Cardona v. State*, 665 S.W.2d 492, 493–

94 (Tex. Crim. App. 1984) (citation omitted). However, the State need only establish one sufficient ground for revocation to support the trial court's order revoking community supervision. *Accord Gobell v. State*, 528 S.W.2d 223 (Tex. Cr. App. 1975); *Maples v. State*, No. 02-22-00065-CR, 2023 WL 2534469, at *2 (Tex. App.—Fort Worth Mar. 16, 2023, no pet.) (not designated for publication); *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980).

2. <u>The Evidence Is Legally Sufficient to Support the Trial Court's Judgment in Cause Number 2019-CR-2384</u>

To establish that Alvarado violated condition 2 of the terms and conditions of his community supervision by failing to submit to drug testing on January 5, 2021, the State relied on the testimony of Officer Selena Martinez—Alvarado's probation officer.

Officer Martinez testified that she met with Alvarado and explained the conditions of community supervision to him and confirmed that Alvarado understood his community supervision requirements. Officer Martinez testified that she reviewed the conditions of community supervision with Alvarado and confirmed his understanding. She ordered him to submit to drug testing on January 5, 2021, but her records showed no results for that date, indicating his failure to submit. In response, Alvarado testified at the revocation hearing but could only state he was "pretty sure" he submitted to testing, though "not totally sure."

This evidence is legally sufficient to uphold the trial court's judgment. To establish this condition 2 violation, the State was required to prove—by a preponderance of the evidence—that Alvarado "failed to submit to drug testing as directed by the Supervision Officer." Although brief, viewed in the light most favorable to the trial court's decision, the evidence is legally sufficient to support the court's finding that Officer Martinez ordered Alvarado to submit to drug testing on

January 5, 2021, and that he failed to do so. *Liggett v. State*, 998 S.W.2d 733, 736 (Tex. App.—Beaumont 1999, no pet.).

Accordingly, the trial court did not abuse its discretion in revoking Alvarado's community supervision in cause number 2019-CR-2384 based on this violation.

3. The Evidence Is Legally Sufficient to Support the Trial Court's Judgment in Cause Number 2019-CR-2385

To support its allegation that Alvarado violated Condition 1 of his community supervision by evading arrest in a vehicle, the State introduced testimony from the arresting officers and dash camera footage documenting the pursuit. "Evading arrest or detention with a vehicle requires showing: the accused (1) intentionally fled (2) from a person he knew was a peace officer (3) attempting to lawfully arrest or detain him, and the accused (4) used a vehicle while in flight." *Sanchez v. State*, No. 04-19-00433-CR, 2020 WL 1159044, at *1 (Tex. App.—San Antonio Mar. 11, 2020, pet. ref'd) (mem. op., not designated for publication). Consequently, the State was required to prove these elements by a preponderance of the evidence.

In this case, Sergeant Charles Hiller, an officer with SAPD, testified that on October 23, 2023, he was assigned to the Covert Unit, a division within SAPD tasked with targeting repeat offenders. As part of his duties, Sergeant Hiller operated an unmarked vehicle to conduct surveillance and assist in apprehending individuals with outstanding warrants. Sergeant Hiller, while at a QT gas station, observed Alvarado wearing a mask which, given the circumstances, appeared unusual. Because Alvarado briefly removed the mask, Sergeant Hiller was able to view his face. Sergeant Hiller, suspicious of Alvarado's activities conducted a database search of Alvarado's vehicle's license plate, which revealed that he was wanted. After confirming Alvarado's identity by comparing his appearance to a mugshot, Sergeant Hiller contacted marked

units to assist in effectuating an arrest. Before the assisting officers arrived, Alvarado departed the location, prompting Sergeant Hiller to follow Alvarado. Once the marked units arrived on scene, they initiated traffic stop, however Alvarado failed to stop.

The State also relied on Officer Conner Talamas testimony and dash camera footage. Officer Talamas testified that he was in full uniform and a marked SAPD unit when he initiated Alvarado's traffic stop. He testified that he activated his lights and sirens, but that Alvarado failed to stop and continued driving. Additionally, Officer Talamas's dash camera footage depicting Alvarado take flight from the officers after Officer Talamas's lights and sirens were activated was admitted into evidence.

Viewed in the light most favorable to the judgment, we find that the evidence presented is legally sufficient to support the trial court's finding that Alvarado violated condition 1 when he— while using a vehicle—fled from Officer Talamas, a person he knew was a peace officer attempting to lawfully detain him. *Liggett*, 998 S.W.2d at 736. Accordingly, the trial court did not abuse its discretion in revoking Alvarado's community supervision in cause number 2019-CR-2385 based on this violation.

### 4. Alvarado's Remaining Issues

Alvarado further challenges the legal sufficiency of the trial court's findings on additional alleged violations of his community supervision and asserts a due process violation under the Fifth and Fourteenth Amendments, claiming he was not properly informed when to report to the probation department—an element relevant to the alleged violations of Condition 5. However, we need not reach these arguments, as a single proven violation is sufficient to support revocation. *See Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980) (citing *Jones v. State*, 571 S.W.2d 191 (Tex. Crim. App. [Panel Op.] 1978)).

## CONCLUSION

We affirm the trial court's judgment.

Velia J. Meza, Justice

DO NOT PUBLISH