Sharon BOWEN, Appellant,

v.

The STATE of Texas, State.

No. 2–82–224–CR.

Court of Appeals of Texas,
Fort Worth.

April 6, 1983.

Law Offices of Art Brender and Art Brender, Fort Worth, for appellant.

Tim Curry, Dist. Atty. and George Gallagher, Asst. Dist. Atty., Fort Worth, for State.

Before ASHWORTH, BURDOCK and SPURLOCK, JJ.

## OPINION

SPURLOCK, Justice.

This is an appeal from a probation revocation proceeding. Sharon Bowen was placed on probation for ten (10) years for theft over $200.00 but less than $10,000.00. The State filed a petition for revocation alleging a new offense and failure to pay court costs, probation fees, and restitution. Prior to trial, the State waived the paragraph alleging the commission of a new offense and proceeded to trial on the remaining allegations. Bowen pled "not true" to these allegations. Upon hearing evidence, the trial court held that she had violated the conditions of her probation and revoked it. The court also reduced her sentence to two years.

We affirm.

Bowen advanced four grounds of error. The first and second attack the sufficiency of the evidence to show that Bowen's failure to pay her probation fees, court costs, and restitution was intentional. The third ground asserts that V.A.C.C.P. art. 42.12, § 8(c) is unconstitutional as a violation of the fifth and fourteenth amendments because it presumes that she has the ability to pay the court costs, probation fees, and restitution. The fourth ground asserts that V.A.C.C.P. art. 42.12, § 8(c) is a violation of her right not to incriminate herself because she would have to take the stand to prove inability to pay and, having done so, would be subject to cross-examination on any other charge or charges then made or pending against her.

The record reveals that the only witness in this trial was Bowen's probation officer who testified that she had reported regularly but had failed to pay her fees for the months of November, 1981 and January, 1982. There was no evidence presented to show that her failure to pay was intentional.

We hold that such proof is not necessary under these facts. The State waived the allegation of a new offense and proceeded to trial solely on the failure to pay fees. Therefore, Bowen's inability to pay was an affirmative defense to revocation

which she was required to prove by a preponderance of the evidence. V.A.C.C.P. art. 42.12, § 8(c). As she failed to raise this affirmative defense, the State was not required to prove that she had the ability to pay and intentionally failed. *Jones v. State,* 589 S.W.2d 419 (Tex.Cr.App.1979).

*Stanfield v. State,* 638 S.W.2d 127 (Tex.App.—Fort Worth 1982), relied on by Bowen is not on point. In that case, the State alleged failure to pay fees *and* the commission of a new offense. As revocation was not sought *solely* on the probationer's failure to pay, the statute was inapplicable and the State was required to prove that the probationer had the ability to pay and intentionally failed. In the instant case, the State proceeded to trial solely on the allegation of Bowen's failure to pay fees, and it was not an abuse of discretion for the court to revoke probation on this ground alone. Grounds of error one and two are overruled. *See Watts v. State,* 645 S.W.2d 461 (Tex.Cr.App.1983).

Bowen's third ground of error asserts that the affirmative defense created by V.A.C.C.P. art. 42.12, § 8(c) violates her rights to due process and equal protection by presuming that she has the ability to pay the court costs, probation supervision fees, and restitution required by her probation.

The granting of a probation creates a contractual relationship between the court and the probationer. The court extends clemency to the probationer if he will keep and perform certain requirements and conditions, the violation of which will authorize the revocation of the probation. *Bradley v. State,* 564 S.W.2d 727 (Tex.Cr.App.1978). Probation revocation hearings are not criminal trials. They are administrative proceedings, supervised by the court, adversarial in nature, and a means of protecting society and rehabilitating law breakers. The result of such a hearing is not a conviction, but rather a finding upon which the trial court may exercise its discretion by revoking or continuing probation. *See Hill v. State,* 480 S.W.2d 200, 202 (Tex. Cr.App.1971); *Whisenant v. State,* 557 S.W.2d 102, 105 (Tex.Cr.App.1977); *Ruedas*

*v. State,* 586 S.W.2d 520, 523 (Tex.Cr.App. 1979), held as follows:

This is not to say, however, that all constitutional guarantees of due process fly out the window at a probation revocation hearing. A probationer is entitled to certain due process protections in the revocation proceedings. *Bradley v. State,* 564 S.W.2d 727 (Tex.Cr.App.1978); *Whisenant v. State,* 557 S.W.2d 102 (Tex.Cr.App. 1977). In *Gagnon v. Scarpelli,* [411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973)], the Supreme Court enunciated the "minimum requirements of due process" which must be observed in probation revocation hearings. They include: written notice of the claimed violations of probation, disclosure to the probationer of the evidence against him, the opportunity to be heard in person and to present witnesses, the right to confront and cross-examine adverse witnesses, a "neutral and detached" hearing body, and a written statement by the fact finders as to the evidence relied on and the reasons for revoking probation. See also *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972).

The statutory scheme requires the State to show the trial court that the probationer has violated his contract with the court by failing to pay court costs, probation supervision fees, and restitution. It does not create a presumption that the probationer could pay and intentionally did not pay but merely requires the probationer to come forward and explain his breach of the contract. If he can show that he was unable to pay, his probation will not be revoked for that breach. This does not violate the requirements of due process or equal protection. Ground of error three is overruled.

Bowen's fourth ground of error asserts that the statute violates her right not to incriminate herself by forcing her to take the stand to raise the affirmative defense of inability to pay. This contention has no merit as she could show her inability to pay

in innumerable ways without taking the stand. Ground of error four is overruled.

The judgment is affirmed.

FENDER, J., not participating.