**Ruby Wagner CORTEZ, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–97–399–CR.**

Court of Appeals of Texas, Fort Worth.

May 21, 1998.

---

4. Current version at TEX CODE CRIM. PROC. ANN. art. 37.07(3)(a) (Vernon Supp.1998).

William H. Cantrell, Weatherford, for Appellant.

Tim Curry, District Attorney, C. James Gibson, Asst. District Attorney, Fort Worth, for State.

Before CAYCE, C.J., and DAUPHINOT and BRIGHAM, JJ.

## OPINION

DAUPHINOT, Justice.

Without having entered into a plea bargain agreement, Appellant Ruby Wagner Cortez pled guilty to driving while intoxicated ("DWI") and pled true to the enhancement allegation that she had been previously convicted of DWI. The trial judge found her guilty and found the enhancement allegation to be true. The judge sentenced her to 365 days' confinement, probated for two years, fined her $100, and ordered her to serve 15 days in jail as a condition of her community supervision.

Appellant brings a single point on appeal, arguing that the trial court erred in denying her motion for new trial. She claims her plea was involuntary because she believed that she had entered into a plea bargain agreement that did not include jail time. Any one of three grounds would be sufficient to overrule her point.

First, the trier of fact, in this case the trial judge, was in a better position than are we to evaluate the credibility of Appellant's testimony that she believed she was entering into a plea bargain agreement and did not know what an open plea was.[1] The record reflects that the waiver of jury trial and waiver of ten days to prepare for trial contains the notation in large letters "OPEN TO COURT." Additionally, the prosecutor testified that there was no plea bargain agreement and that the trial judge admonished Appellant that her plea was an open plea to the court. Absent a clear abuse of discretion, we will not disturb the trial court's ruling on a motion for new trial.[2] We find that the trial court did not abuse its discretion in declining to believe Appellant's testimony at the hearing on her motion for new trial.

Second, the Code of Criminal Procedure requires confinement as a condition of community supervision for all DWI subsequent offenders.[3] Consequently, confinement was not only appropriate, it was a necessary condition of Appellant's community supervision.

Third, because community supervision is a contractual relationship between the trial court and the offender,[4] only the judge may determine the conditions of community supervision.[5] The judge may not delegate

1. *See Cantu v. State,* 930 S.W.2d 594, 596 (Tex. Crim.App.1996).

2. *See Jones v. State,* 850 S.W.2d 223, 227 (Tex. App.—Fort Worth 1993, pet. ref'd).

3. Act of May 29, 1993, 73 rd Leg., R.S., ch. 900, § 4.01, 1993 Tex.Gen. Laws 3586, 3728 *amended by* Act of May 29, 1995, 74 th Leg., R.S., ch. 318, § 55, 1995 Tex.Gen. Laws 2734, 2751–52 (current version at Tex.Code Crim. Proc. Ann. art. 42.12, § 13(a) (Vernon Supp.1998)).

4. *See Bradley v. State,* 564 S.W.2d 727, 729 (Tex. Crim.App.1978); *Bowen v. State,* 649 S.W.2d 384, 386 (Tex.App.—Fort Worth 1983, pet. ref'd).

5. *See* Act of May 29, 1993, 73 rd Leg., R.S., ch. 900, § 4.01, 1993 Tex.Gen. Laws 3586, 3725 *amended by* Act of April 25, 1995, 74 th Leg., R.S., ch. 76, § 3.08, 1995 Tex.Gen. Laws 458, 464 (current version at Tex.Code Crim Proc. Ann. art. 42.12, § 11(a) (Vernon Supp.1998)); *Mc-*

this task to anyone else.[6] While the attorneys may recommend conditions of community supervision to the court, they may not bind the judge to their recommendation.

The Code of Criminal Procedure provides, "The judge of the court having jurisdiction of the case ... may, at any time, during the period of community supervision alter or modify the conditions."[7] To allow the lawyers, through plea bargaining, to restrict the trial judge's ability to determine the conditions of community supervision would seriously limit the judge's ability to modify the conditions as necessary throughout the course of the probationary period. We overrule Appellant's sole point and affirm the trial court's judgment.

*Donald v. State*, 442 S.W.2d 386, 387 (Tex.Crim. App.1969).

6. *See McDonald*, 442 S.W.2d at 387.

7. Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 4.01, 1993 Tex.Gen. Laws 3586, 3725 *amended by* Act of April 25, 1995, 74th Leg., R.S., ch. 76, § 3.08, 1995 Tex.Gen. Laws 458, 464 (current version at Tex.Code Crim. Proc. Ann. art. 42.12, § 11(a) (Vernon Supp.1998)); *see Cobb v. State*, 851 S.W.2d 871, 874 (Tex.Crim.App.1993).