Affirmed and Memorandum Opinion
filed May 3, 2011.

 

In
The

Fourteenth
Court of Appeals



NO. 14-10-00653-CR



Glenn Thomas, Appellant 

v.

The State of
Texas, Appellee 



On Appeal from
the 180th District Court

Harris County, Texas

Trial Court
Cause No. 1225340



 

MEMORANDUM OPINION 

Appellant Glenn Thomas appeals the revocation of his
community supervision.  In his sole issue on appeal, appellant challenges the
sufficiency of the evidence to support his adjudication.  We affirm.

Background

On August 20, 2009, the State charged appellant by
indictment for burglary of a habitation with the intent to commit assault
against Suzette Thomas.  On September 17, 2009, appellant pleaded guilty to the
offense without an agreed recommendation.  The trial court accepted appellant’s
plea and sentenced him to six years deferred adjudication of guilt.  On May 20,
2010, the State filed a motion to adjudicate appellant’s guilt, alleging that
appellant had violated the terms and conditions of his community supervision by,
among other things, failing to report to his community supervision officer on
November 5, 2009, and failing to participate in the community service
restitution program at a rate of ten hours per month.  Appellant pleaded not
true to the allegations in the State’s motion.  After a hearing on July 12,
2010, the trial court found the allegations in the State’s motion were true,
revoked appellant’s probation, adjudicated appellant’s guilt to the underlying
offense of burglary of a habitation, and sentenced him to seven years’
confinement.  

Standard of Review

In his only issue on appeal, appellant claims that
the trial court abused its discretion by finding the State’s allegations true
because the State failed to provide sufficient evidence that he had violated
the conditions of release on community supervision.

Community supervision is “the placement of a
defendant by a court under a continuum of programs and sanctions, with
conditions imposed by the court for a specified period” of time that generally
results in the suspension of a sentence of imprisonment or confinement.  Tex. Code Crim. Proc. Ann. art. 42.12, §
2(2) (West Supp. 2009).  The proceeding to revoke community supervision is not
criminal or civil, but rather an administrative proceeding.  Greer v. State,
999 S.W.2d 484, 486 (Tex. App.—Houston [14th Dist.] 1999, pet. ref’d).  We
review an order revoking community supervision under an abuse of discretion
standard.  Rickels v. State, 202 S.W.3d 759, 763 (Tex. Crim. App.
2006).  The State has the burden of showing by a preponderance of the evidence
that the defendant committed a violation of the conditions of community
supervision.  Cobb v. State, 851 S.W.2d 871, 873 (Tex. Crim. App.
1993).  The preponderance-of-the-evidence standard is met when the greater
weight of the credible evidence creates a reasonable belief that the defendant
has violated a condition of his community supervision.  Rickels, 202
S.W.3d at 763.  The appellate court will view the evidence in the light most
favorable to the trial court’s order.  Moore v. State, 11 S.W.3d 495,
498 (Tex. App.—Houston [14th Dist.] 2000, no pet.).  In determining whether the
allegations in the revocation motion are true, the trial court is the sole
trier of facts, the judge of the credibility of the witnesses, and the arbiter
of the weight to be given to the testimony.  Trevino v. State, 218
S.W.3d 234, 240 (Tex. App.—Houston [14th Dist.] 2007, no pet.).  The violation
of a single condition of community supervision will support the trial court’s
decision to adjudicate guilt.  Moore v. State, 605 S.W.2d 924, 926 (Tex.
Crim. App. 1980).  

Analysis

The State alleged in its motion to adjudicate guilt
that appellant had failed to comply with the terms and condition of his
community supervision by not reporting to his community supervision officer,
Celia Rivas, on November 5, 2009.  Rivas testified that appellant did not come
in on November 5, 2009, and she did not hear from him that day.  Appellant
admitted that he did not report on November 5, 2009, but claimed that his
failure to report on November 5, 2009, was an honest mistake and he reported on
November 6, 2009.  

Further, as a condition of his community supervision,
appellant was required to participate in the community supervision restitution
program by performing a total of 200 hours at a rate of ten hours per month.  The
State alleged that appellant had not performed his hours at the required rate.  Appellant
asserts that there was no testimony on this alleged violation.  To the
contrary, Rivas testified that appellant should have completed forty hours by
the date of the July 12, 2010 revocation hearing, but had only completed
twenty-two hours.  Appellant did not dispute that he had not performed the
required number of hours, but explained that he could not perform his hours in
March 2010 due to an injury and he had a note from his doctor excusing him from
work.  Appellant claimed that he had completed thirty-five hours by the date of
the revocation hearing, but admitted that he had not completed the required
forty hours.  

Although appellant admits that he did not report to
his community supervision on November 5, 2009, or perform his community
supervision hours at the specified rate, he provides explanations for not
complying with the terms and conditions of his community supervision to excuse
such lack of compliance.  The granting of probation creates a contractual
relationship between the court and the probationer.  Bowen v. State, 649
S.W.2d 384, 386 (Tex. App.—Fort Worth 1983, pet. ref’d).  The court extends
clemency to the probationer if he will keep and perform certain requirements
and conditions, the violation of which authorizes the revocation of probation. 
Id.  The court may revoke community supervision for any violation,
including “technical” violations.  Nurridin v. State, 154 S.W.3d 920,
924 (Tex. App.—Dallas 2005, no pet.).  “Technical” violations typically include
the probationer’s failure to report to the probation officer, pay community
supervision fees, and perform community service at the specified rate.  Coffel
v. State, 242 S.W.3d 907, 909 (Tex. App.—Texarkana 2007, no pet.).  

The trial court, as the trier of fact, assessed
credibility and the explanations provided and found that appellant had violated
the conditions of his community supervision.  The trial court’s decision is
supported by the record evidence, which includes appellant’s admissions.  Even if
appellant’s violations were “technical” violations, they were nonetheless
sufficient to revoke his community supervision.  The resulting seven-year prison
sentence is not for appellant’s violations of the conditions of his community
supervision, but for the burglary offense to which appellant had previously
pled guilty.  We hold that the evidence is sufficient to find that appellant
violated two conditions of his community supervision and overrule appellant’s
issue.[1] 


Having overruled appellant’s sole issue in this
appeal, we affirm the judgment of the trial court.  

 

                                                                                    

                                                                        /s/        Sharon
McCally

                                                                                    Justice

 

 

Panel consists of Justices Anderson,
Seymore, and McCally.

Do
Not Publish — Tex. R. App. P. 47.2(b).

 









[1]
Because the evidence supports the judgment on these two grounds, we need not
address appellant’s additional arguments regarding the other violations alleged
in the State’s motion to adjudicate guilt.