

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-11-00067-CR

TRACY WAYNE TOW                                                        APPELLANT

V.

THE STATE OF TEXAS                                                          STATE

----------

### FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY

----------

### MEMORANDUM OPINION[1]

----------

Appellant Tracy Wayne Tow was indicted on four counts of indecency with a child by fondling. After the State amended the indictment to add a fifth count of injury to a child, Appellant entered into a plea bargain agreement with the State. In exchange for his plea of guilty to the offense of injury to a child, the State recommended a fine of $500, five years' deferred adjudication community supervision, assignment to the sex offender caseload, and sex offender

---

[1]*See* Tex. R. App. P. 47.4.

conditions to his supervision.  The trial court accepted Appellant's plea of guilty and the plea bargain agreement, deferring adjudication of guilt and placing Appellant on community supervision for a period of five years with sex offender conditions.  Almost four years later, the State filed a petition to proceed to adjudication.  Appellant entered a plea of "not true" to each of the allegations in the State's petition.  The trial court adjudicated Appellant guilty and sentenced him to eight years' confinement.

Appellant brings four issues on appeal, arguing that the judgment in this case should be modified to reflect that he entered a plea of "not true" to the allegations in the State's petition to proceed to adjudication, his original plea was involuntary and therefore the trial court erred by denying his motion to withdraw his plea, the trial court should have granted his motion to modify the terms and conditions of supervision, and the trial court erred in finding paragraphs 6 (a), (b), and (c) true because the State failed to prove the allegations as alleged and failed to prove that he was able to pay.  Because the trial court did not abuse its discretion in adjudicating Appellant's guilt, we affirm the trial court's judgment as modified.

## I.  Voluntariness of Plea

In his second issue, Appellant contends that his original plea of guilty was involuntary and that he should have been allowed to withdraw it.  After the State filed its petition to proceed to adjudication, Appellant filed a motion to withdraw his original plea of guilty, alleging that his original plea had been involuntary

2

because he had entered into the plea bargain not because he was guilty but because he was afraid he would be found guilty of the offense of indecency with a child. Appellant argues that, while a defendant is on deferred adjudication community supervision, he may properly file a motion to withdraw his plea, and appellate courts may review the trial court's decision on the motion for an abuse of discretion.[2] Here, Appellant waited almost four years to ask to withdraw his plea. And when he did ask to withdraw his plea, it was to avoid adjudication, not to allow the trial court to proceed to adjudication.

The Texas Court of Criminal Appeals has stated that when a defendant enters an open plea of guilty in a bench trial, he "may withdraw his guilty plea as a matter of right without assigning reason until such judgment has been pronounced or the case has been taken under advisement."[3] The Dallas Court of Appeals has held that once the trial court has admonished the defendant, accepted the defendant's plea, found that the evidence substantiates the defendant's guilt, and placed the defendant on deferred adjudication community supervision, the trial court has "taken the case under advisement."[4] Once the

---

[2]*See Labib v. State*, 239 S.W.3d 322, 331 (Tex. App.—Houston [1st Dist.] 2007, no pet.).

[3]*Murray v. State*, 302 S.W.3d 874, 883 (Tex. Crim. App. 2009).

[4]*Thompson v. State*, 852 S.W.2d 268, 270 (Tex. App.—Dallas 1993, no pet.); *see Crumpton v. State*, 179 S.W.3d 722, 724 n.5 (Tex. App.—Fort Worth 2005, pet. ref'd) (relying on *Thompson* in case not involving community supervision); *Perkins v. State*, No. 02-07-00258-CR, 2008 WL 2002739, at *1 (Tex. App.—Fort Worth May 8, 2008, pet. ref'd) (same).

trial court has taken a case under advisement, whether to allow a defendant to withdraw his plea is a matter within the sound discretion of the trial court. That is, the trial court is not required to allow the defendant to withdraw his plea.[5] Rather than concluding that the trial court has taken the case under advisement during the entire period of community supervision, we believe that it makes more sense to hold that once the trial court has admonished the defendant, accepted the defendant's plea, found that the evidence substantiates the defendant's guilt, and placed the defendant on deferred adjudication community supervision, the trial court has accepted and complied with the plea bargain agreement.

Appellant appears to argue that an *Alford* plea may be withdrawn at any time.[6] An *Alford* plea is a guilty plea pursuant to which the defendant maintains his innocence but admits that the State has enough evidence to likely secure a conviction.[7] If Appellant did, indeed, enter an *Alford* plea, there is no evidence that the trial court refused to accept the plea bargain agreement or that Appellant was misled or improperly induced into entering the plea—that he did so because exculpatory evidence was hidden, that he was not properly advised by trial

---

[5]*Moore v. State*, 295 S.W.3d 329, 331 (Tex. Crim. App. 2009).

[6]*North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160 (1970).

[7]*Alford Plea Law and Legal Definition*, USLEGAL.COM, http://definitions.uslegal.com/a/alford-plea/ (last visited Jan. 11, 2012); Stephanos Bibas, *Harmonizing Substantive Criminal Law Values and Criminal Procedure: The Case of Alford and Nolo Contendere Pleas*, 88 Cornell L. Rev. 1361, 1372 (2003).

4

counsel, or that newly discovered evidence has been found.[8]  Rather, he argues that he should be allowed to withdraw his plea because it was an *Alford* plea and because he was placed on deferred adjudication community supervision pursuant to the plea bargain agreement.  Because Appellant has cited no ground for setting aside his plea of guilty that is supported by the law, we overrule Appellant's second issue.

## II.  Refusal to Modify Appellant's Terms and Conditions of Supervision

In his third issue, Appellant argues that the trial court erred when it denied his motion to modify the terms and conditions of supervision.  On January 7, 2011, after the State had filed its petition to proceed to adjudication, Appellant filed a motion to modify the terms and conditions of his community supervision.  Essentially, he asked to be removed from the sex offender caseload.  Appellant argued below, as he argues here, that the conditions of supervision of which he complains violate his rights under the due process clause of the Fourteenth Amendment to the Constitution of the United States.  The State points out that Appellant's plea bargain agreement allowed him to plead guilty to the offense of injury to a child in exchange for agreeing to be placed on the sex offender caseload and to comply with the requirements of that caseload.  Appellant concludes his argument by stating, "Appellant contends it was fundamentally unfair to send him to prison for an offense the complainant was no longer

---

[8]*See Moore*, 295 S.W.3d at 332; *Coronado v. State*, 25 S.W.3d 806, 810 (Tex. App.—Waco 2000, pet. ref'd).

accusing him of and for not complying with probationary conditions for a sexual offense for which, in any event, he never pled guilty."

When Appellant entered his plea of guilty, the plea agreement included a provision that he be placed on the sex offender caseload and comply with the conditions mandated by the sex offender caseload. Article 42.12, section 11(a) provides,

> The judge of the court having jurisdiction of the case shall determine the conditions of community supervision and may, at any time during the period of community supervision, alter or modify the conditions. The judge may impose any reasonable condition that is designed to protect or restore the community, protect or restore the victim, or punish, rehabilitate, or reform the defendant.[9]

Because community supervision is a contractual relationship between the trial court and the offender, only the trial court may determine the conditions of community supervision. The trial court may not delegate this task to anyone else,[10] nor may the parties usurp the trial court's authority to determine the conditions of community supervision.[11] While the attorneys may recommend conditions of community supervision to the trial court, they may not bind the trial court to their recommendation.[12]

---

[9]Tex. Code Crim. Proc. Ann. art. 42.12, § 11(a) (West Supp. 2011).

[10]*Pierce v. State*, 67 S.W.3d 374, 379–80 (Tex. App.—Waco 2001, pet. ref'd).

[11]*Cortez v. State*, 971 S.W.2d 100, 101–02 (Tex. App.—Fort Worth 1998, no pet.).

[12]*Id.* at 102.

To allow the lawyers, through plea bargaining, to restrict the trial court's ability to determine the conditions of community supervision would seriously limit the trial court's ability to modify the conditions as necessary throughout the course of the probationary period.[13] Realistically, the plea bargain rarely provides for all the standard conditions of probation. For example, to hold that the parties determine the conditions of community supervision and bind the trial court to those agreed on in the plea bargain would, in this case, mean that Appellant was not required to avoid persons of disreputable or harmful character, to support his dependents, or to report to his probation officer because those terms were not included in the plea bargain agreement.

While the plea agreement cannot not bind the trial court, it can constitute a written waiver of objection to certain specific terms or conditions of community supervision. By agreeing in the plea bargain agreement to being placed on the sex offender caseload, Appellant placed before the trial court a written waiver of objection to that condition of community supervision. Such waiver may be accomplished by plea bargain.[14] The question of whether an agreed-to condition becomes unreasonable with change of circumstance and, thereby, renders continuation of that condition an abuse of discretion is not before this court, and we do not address it here.

---

[13]*Id.*

[14]*See* Tex. Code Crim. Proc. Ann. art. 1.14(a) (West 2005).

Without more than Appellant has shown this court, we cannot say that it is fundamentally unfair to expect him to comply with the terms of his plea bargain agreement after it was accepted by the trial court and after he benefited from the plea bargain by receiving the agreed-upon probated sentence.[15]  We overrule Appellant's third issue.

## III.  Sufficiency of the Evidence to Prove Allegations in the Petition to Proceed to Adjudication

In his fourth issue, Appellant argues that if this court determines that the trial court should have removed the sex offender conditions from the requirements of his community supervision, the only allegations remaining in the petition to proceed to adjudication are violations of the terms and conditions of his community supervision by failure to make certain payments.

The Texas Court of Criminal Appeals has held that when a defendant agrees to certain terms and conditions of probation as part of a plea bargain agreement, the defendant is bound by that agreement unless he objects in open court at the time those conditions are imposed.[16]  We do not understand the *Speth* rule to mean that the parties can limit the trial court's ability to amend conditions of community supervision through a plea bargain.  Rather, a

---

[15]*See Speth v. State*, 6 S.W.3d 530, 534–35 (Tex. Crim. App. 1999), *cert. denied*, 529 U.S. 1088 (2000); *Ex parte Shoe*, 137 S.W.3d 100, 102–03 (Tex. App.—Fort Worth 2004), *pet. dism'd as improvidently granted*, 235 S.W.3d 782 (Tex. Crim. App. 2007).

[16]*Speth*, 6 S.W.3d at 534–35.

defendant may agree, as part of a plea bargain agreement, to a condition of community supervision that is more onerous than the standard conditions usually imposed. Here, Appellant affirmatively agreed to be placed on the sex offender caseload and comply with its rules as part of his plea bargain agreement.

For the sake of clarity, however, we must discuss the requirement of the sex offender caseload that Appellant "assume responsibility for [his] offense." Appellant's offense was injury to a child. There is no evidence that Appellant did not accept responsibility for that offense. To the extent the State contends Appellant failed to comply with the conditions of the sex offender caseload by refusing to admit that he was guilty of sexual offenses against children, we reject that argument. Appellant cannot be required to admit his guilt with respect to an offense of which he has not been convicted or for which he has not been placed on community supervision.[17]

Appellant candidly admits that there was conflicting evidence about whether he accessed Facebook and about whether he had a cell phone capable of Internet access. There was also evidence that he accessed Facebook in late February or early March 2009.

Proof by a preponderance of the evidence of any one of the alleged violations of the community supervision conditions is sufficient to support a

---

[17] *See Minnesota v. Murphy*, 465 U.S. 420, 426, 104 S. Ct. 1136, 1141–42 (1984) (citing *Lefkowitz v. Turley*, 414 U.S. 70, 77, 94 S. Ct. 316, 322 (1973), and *Baxter v. Palmigiano*, 425 U.S. 308, 316, 96 S. Ct. 1551, 1557 (1976)).

revocation order.[18]  Because both the plea bargain agreement and court order establishing the conditions of community supervision required Appellant to comply with the conditions of the sex offender caseload, and because the State proved that he failed to comply with those conditions, specifically the conditions regarding accessing Facebook, we hold that the State sustained its burden to prove Appellant violated the conditions of community supervision as alleged in paragraph 5 of the petition to proceed to adjudication.  We therefore hold that the trial court did not abuse its discretion by revoking Appellant's community supervision and overrule his fourth issue.

## IV.  Modifying the Judgment to Reflect Appellant's Pleas of "Not True"

The record reflects that Appellant did, indeed, plead "not true" to the allegations in the State's petition.  The State candidly agrees that the judgment should be corrected.  We therefore sustain Appellant's first issue, in which he complains of this matter, and modify the judgment by deleting the pleas of "true" to the allegations in the State's petition to proceed to adjudication and inserting instead pleas of "not true" to those allegations.

## V.  Conclusion

Having sustained Appellant's first issue and overruled his three remaining issues, we affirm the trial court's judgment as modified.

---

[18]*Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980); *Leach v. State*, 170 S.W.3d 669, 672 (Tex. App.—Fort Worth 2005, pet. ref'd).

10

LEE ANN DAUPHINOT
JUSTICE

PANEL:  DAUPHINOT, WALKER, and MCCOY, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  January 12, 2012