02-11-067-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00067-CR

 

 


 
 
 Tracy Wayne Tow
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

FROM THE 371st
District Court OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

Appellant
Tracy Wayne Tow was indicted on four counts of indecency with a child by
fondling.  After the State amended the indictment to add a fifth count of
injury to a child, Appellant entered into a plea bargain agreement with the
State.  In exchange for his plea of guilty to the offense of injury to a child,
the State recommended a fine of $500, five years’ deferred adjudication
community supervision, assignment to the sex offender caseload, and sex
offender conditions to his supervision.  The trial court accepted Appellant’s
plea of guilty and the plea bargain agreement, deferring adjudication of guilt
and placing Appellant on community supervision for a period of five years with
sex offender conditions.  Almost four years later, the State filed a petition
to proceed to adjudication.  Appellant entered a plea of “not true” to each of
the allegations in the State’s petition.  The trial court adjudicated Appellant
guilty and sentenced him to eight years’ confinement.

Appellant
brings four issues on appeal, arguing that the judgment in this case should be
modified to reflect that he entered a plea of “not true” to the allegations in
the State’s petition to proceed to adjudication, his original plea was
involuntary and therefore the trial court erred by denying his motion to
withdraw his plea, the trial court should have granted his motion to modify the
terms and conditions of supervision, and the trial court erred in finding
paragraphs 6 (a), (b), and (c) true because the State failed to prove the
allegations as alleged and failed to prove that he was able to pay.  Because
the trial court did not abuse its discretion in adjudicating Appellant’s guilt,
we affirm the trial court’s judgment as modified.

I. 
Voluntariness of Plea

In
his second issue, Appellant contends that his original plea of guilty was
involuntary and that he should have been allowed to withdraw it.  After the
State filed its petition to proceed to adjudication, Appellant filed a motion
to withdraw his original plea of guilty, alleging that his original plea had
been involuntary because he had entered into the plea bargain not because he
was guilty but because he was afraid he would be found guilty of the offense of
indecency with a child.  Appellant argues that, while a defendant is on
deferred adjudication community supervision, he may properly file a motion to
withdraw his plea, and appellate courts may review the trial court’s decision
on the motion for an abuse of discretion.[2]  Here, Appellant waited
almost four years to ask to withdraw his plea.  And when he did ask to withdraw
his plea, it was to avoid adjudication, not to allow the trial court to proceed
to adjudication.

The
Texas Court of Criminal Appeals has stated that when a defendant enters an open
plea of guilty in a bench trial, he “may withdraw his guilty plea as a matter
of right without assigning reason until such judgment has been pronounced or
the case has been taken under advisement.”[3]
 The Dallas Court of Appeals has held that once the trial court has admonished
the defendant, accepted the defendant’s plea, found that the evidence
substantiates the defendant’s guilt, and placed the defendant on deferred
adjudication community supervision, the trial court has “taken the case under
advisement.”[4]  Once the trial court has
taken a case under advisement, whether to allow a defendant to withdraw his
plea is a matter within the sound discretion of the trial court.  That is, the
trial court is not required to allow the defendant to withdraw his plea.[5]  Rather than
concluding that the trial court has taken the case under advisement during the
entire period of community supervision, we believe that it makes more sense to
hold that once the trial court has admonished the defendant, accepted the
defendant’s plea, found that the evidence substantiates the defendant’s guilt,
and placed the defendant on deferred adjudication community supervision, the
trial court has accepted and complied with the plea bargain agreement.

Appellant
appears to argue that an Alford plea may be withdrawn at any time.[6]  An Alford plea
is a guilty plea pursuant to which the defendant maintains his innocence but
admits that the State has enough evidence to likely secure a conviction.[7]  If Appellant did,
indeed, enter an Alford plea, there is no evidence that the trial court
refused to accept the plea bargain agreement or that Appellant was misled or
improperly induced into entering the plea—that he did so because exculpatory
evidence was hidden, that he was not properly advised by trial counsel, or that
newly discovered evidence has been found.[8] 
Rather, he argues that he should be allowed to withdraw his plea because it was
an Alford plea and because he was placed on deferred adjudication
community supervision pursuant to the plea bargain agreement.  Because
Appellant has cited no ground for setting aside his plea of guilty that is
supported by the law, we overrule Appellant’s second issue.

II. 
Refusal to Modify Appellant’s Terms and Conditions of Supervision

In
his third issue, Appellant argues that the trial court erred when it denied his
motion to modify the terms and conditions of supervision.  On January 7, 2011,
after the State had filed its petition to proceed to adjudication, Appellant
filed a motion to modify the terms and conditions of his community supervision.
 Essentially, he asked to be removed from the sex offender caseload.  Appellant
argued below, as he argues here, that the conditions of supervision of which he
complains violate his rights under the due process clause of the Fourteenth
Amendment to the Constitution of the United States.  The State points out that
Appellant’s plea bargain agreement allowed him to plead guilty to the offense
of injury to a child in exchange for agreeing to be placed on the sex offender
caseload and to comply with the requirements of that caseload.  Appellant
concludes his argument by stating, “Appellant contends it was fundamentally
unfair to send him to prison for an offense the complainant was no longer
accusing him of and for not complying with probationary conditions for a sexual
offense for which, in any event, he never pled guilty.”

When
Appellant entered his plea of guilty, the plea agreement included a provision
that he be placed on the sex offender caseload and comply with the conditions
mandated by the sex offender caseload.  Article 42.12, section 11(a)
provides,

The judge of the
court having jurisdiction of the case shall determine the conditions of
community supervision and may, at any time during the period of community
supervision, alter or modify the conditions.  The judge may impose any
reasonable condition that is designed to protect or restore the community,
protect or restore the victim, or punish, rehabilitate, or reform the
defendant.[9]

Because
community supervision is a contractual relationship between the trial court and
the offender, only the trial court may determine the conditions of community
supervision.  The trial court may not delegate this task to anyone else,[10] nor may the
parties usurp the trial court’s authority to determine the conditions of
community supervision.[11] 
While the attorneys may recommend conditions of community supervision to the trial
court, they may not bind the trial court to their recommendation.[12]

To
allow the lawyers, through plea bargaining, to restrict the trial court’s
ability to determine the conditions of community supervision would seriously
limit the trial court’s ability to modify the conditions as necessary
throughout the course of the probationary period.[13]  Realistically, the plea
bargain rarely provides for all the standard conditions of probation.  For
example, to hold that the parties determine the conditions of community
supervision and bind the trial court to those agreed on in the plea bargain
would, in this case, mean that Appellant was not required to avoid persons of
disreputable or harmful character, to support his dependents, or to report to
his probation officer because those terms were not included in the plea bargain
agreement.

While
the plea agreement cannot not bind the trial court, it can constitute a written
waiver of objection to certain specific terms or conditions of community
supervision.  By agreeing in the plea bargain agreement to being placed on the
sex offender caseload, Appellant placed before the trial court a written waiver
of objection to that condition of community supervision.  Such waiver may be
accomplished by plea bargain.[14]  The question of whether
an agreed-to condition becomes unreasonable with change of circumstance and,
thereby, renders continuation of that condition an abuse of discretion is not
before this court, and we do not address it here.

Without
more than Appellant has shown this court, we cannot say that it is
fundamentally unfair to expect him to comply with the terms of his plea bargain
agreement after it was accepted by the trial court and after he benefited from
the plea bargain by receiving the agreed-upon probated sentence.[15] 
We overrule Appellant’s third issue.

III.  Sufficiency of
the Evidence to Prove Allegations in the Petition to Proceed to Adjudication

In
his fourth issue, Appellant argues that if this court determines that the trial
court should have removed the sex offender conditions from the requirements of
his community supervision, the only allegations remaining in the petition to
proceed to adjudication are violations of the terms and conditions of his
community supervision by failure to make certain payments.

The Texas
Court of Criminal Appeals has held that when a defendant agrees to certain
terms and conditions of probation as part of a plea bargain agreement, the
defendant is bound by that agreement unless he objects in open court at the
time those conditions are imposed.[16]  We do not understand
the Speth rule to mean that the parties can limit the trial court’s
ability to amend conditions of community supervision through a plea bargain.  Rather,
a defendant may agree, as part of a plea bargain agreement, to a condition of
community supervision that is more onerous than the standard conditions usually
imposed.  Here, Appellant affirmatively agreed to be placed on the sex offender
caseload and comply with its rules as part of his plea bargain agreement.

For
the sake of clarity, however, we must discuss the requirement of the sex
offender caseload that Appellant “assume responsibility for [his] offense.”  Appellant’s
offense was injury to a child.  There is no evidence that Appellant did not
accept responsibility for that offense.  To the extent the State contends
Appellant failed to comply with the conditions of the sex offender caseload by
refusing to admit that he was guilty of sexual offenses against children, we
reject that argument.  Appellant cannot be required to admit his guilt with
respect to an offense of which he has not been convicted or for which he has
not been placed on community supervision.[17]

Appellant
candidly admits that there was conflicting evidence about whether he accessed
Facebook and about whether he had a cell phone capable of Internet access.  There
was also evidence that he accessed Facebook in late February or early March
2009.

Proof
by a preponderance of the evidence of any one of the alleged violations of the
community supervision conditions is sufficient to support a revocation order.[18]  Because both the
plea bargain agreement and court order establishing the conditions of community
supervision required Appellant to comply with the conditions of the sex
offender caseload, and because the State proved that he failed to comply with
those conditions, specifically the conditions regarding accessing Facebook, we
hold that the State sustained its burden to prove Appellant violated the
conditions of community supervision as alleged in paragraph 5 of the petition
to proceed to adjudication.  We therefore hold that the trial court did not
abuse its discretion by revoking Appellant’s community supervision and overrule
his fourth issue.

IV. 
Modifying the Judgment to Reflect Appellant’s Pleas of “Not True”

The
record reflects that Appellant did, indeed, plead “not true” to the allegations
in the State’s petition.  The State candidly agrees that the judgment should be
corrected.  We therefore sustain Appellant’s first issue, in which he complains
of this matter, and modify the judgment by deleting the pleas of “true” to the
allegations in the State’s petition to proceed to adjudication and inserting
instead pleas of “not true” to those allegations.

V. 
Conclusion

Having
sustained Appellant’s first issue and overruled his three remaining issues, we
affirm the trial court’s judgment as modified.

 

 

LEE ANN DAUPHINOT
JUSTICE

 

PANEL: 
DAUPHINOT,
WALKER, and MCCOY, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  January 12, 2012









[1]See Tex. R. App. P. 47.4.





[2]See Labib v. State, 239 S.W.3d
322, 331 (Tex. App.—Houston [1st
Dist.] 2007, no pet.).





[3]Murray v. State, 302 S.W.3d 874, 883
(Tex. Crim. App. 2009).





[4]Thompson v. State, 852 S.W.2d 268, 270 (Tex. App.—Dallas 1993, no pet.); see Crumpton v. State, 179 S.W.3d 722, 724 n.5
(Tex. App.—Fort Worth 2005, pet. ref’d) (relying on Thompson in case not
involving community supervision); Perkins v. State, No. 02-07-00258-CR,
2008 WL 2002739, at *1 (Tex. App.—Fort Worth May 8, 2008, pet. ref’d) (same).





[5]Moore v. State, 295 S.W.3d 329, 331
(Tex. Crim. App. 2009).





[6]North Carolina v. Alford, 400 U.S. 25,
91 S. Ct. 160 (1970).





[7]Alford Plea Law and Legal
Definition, USLEGAL.COM, http://definitions.uslegal.com/a/alford-plea/
(last visited Jan. 11,
2012); Stephanos Bibas, Harmonizing
Substantive Criminal Law Values and Criminal Procedure:  The Case of Alford and
Nolo Contendere Pleas, 88 Cornell L. Rev. 1361, 1372 (2003).





[8]See Moore, 295 S.W.3d at 332; Coronado v. State, 25 S.W.3d 806, 810 (Tex. App.—Waco 2000, pet. ref’d).





[9]Tex.
Code Crim. Proc. Ann. art. 42.12, § 11(a) (West Supp. 2011).





[10]Pierce
v. State, 67 S.W.3d 374, 379–80 (Tex. App.—Waco 2001, pet. ref’d).





[11]Cortez
v. State, 971 S.W.2d 100, 101–02 (Tex. App.—Fort Worth 1998, no pet.).





[12]Id.
at 102.





[13]Id.





[14]See
Tex. Code Crim. Proc. Ann. art. 1.14(a) (West 2005).





[15]See Speth v. State, 6 S.W.3d 530, 534–35 (Tex. Crim. App. 1999), cert. denied,
529 U.S. 1088 (2000); Ex parte Shoe, 137 S.W.3d 100, 102–03 (Tex. App.—Fort Worth 2004), pet. dism’d as improvidently
granted, 235 S.W.3d 782 (Tex. Crim. App. 2007).





[16]Speth, 6 S.W.3d at 534–35.





[17]See
Minnesota v. Murphy, 465 U.S. 420, 426, 104 S. Ct. 1136, 1141–42 (1984) (citing Lefkowitz v. Turley, 414 U.S. 70, 77,
94 S. Ct. 316, 322 (1973), and Baxter v. Palmigiano, 425 U.S. 308, 316,
96 S. Ct. 1551, 1557 (1976)).





[18]Moore v. State, 605 S.W.2d 924, 926
(Tex. Crim. App. [Panel Op.] 1980); Leach v. State,
170 S.W.3d 669, 672 (Tex. App.—Fort Worth 2005, pet. ref’d).